UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD P. GIELATA, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>RICHARD J. HECKMANN, et al.,<br><br>  Defendants. | ) Civil Action No. 1:10-cv-00378-JJF-MPT<br>)<br>) <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPENING BRIEF IN SUPPORT OF THE HEK INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

BOUCHARD MARGULES &
  FRIEDLANDER, P.A.
Joel Friedlander (Bar No. 3163)
Sean M. Brennecke (Bar No. 4686)
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
Telephone:  302/573-3502
302/573-3501 (fax)
jfriedlander@bmf-law.com
sbrennecke@bmf-law.com

*Proposed Liaison Counsel*

Dated: July 6, 2010

571147_1

- i -

**TABLE OF CONTENTS**

**Page**

I. STATEMENT OF THE MATTER BEFORE THE COURT ............................................. 1

II. SUMMARY OF ARGUMENT ............................................................................. 2

III. STATEMENT OF FACTS .................................................................................. 2

IV. ARGUMENT ................................................................................................. 4

    A. The HEK Investor Group Satisfies the "Lead Plaintiff" Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff ............................................................................................. 4

        1. The HEK Investor Group Has Timely Moved for Appointment as Lead Plaintiff .......................................................... 5

        2. The HEK Investor Group Has the Requisite Financial Interest in the Relief Sought by the Class ............................................ 5

        3. The HEK Investor Group Satisfies the Requirements of Rule 23 ............................................................................................. 6

    B. The HEK Investor Group's Selection of Lead and Liaison Counsel Should Be Approved .................................................................................. 8

V. CONCLUSION ................................................................................................ 9

# TABLE OF AUTHORITIES

Page

**CASES**

*City of Roseville Employees Ret. Sys. v. Horizon Lines, Inc.*,
 No. 08-969, 2009 U.S. Dist. LEXIS 62572
 (D. Del. June 18, 2009) ..................................................................................................6, 7, 8

*Greebel v. FTP Software*,
 939 F. Supp. 57 (D. Mass. 1996) .............................................................................................4

*In re E.spire Commc'ns, Inc., Sec. Litig.*,
 No. H-00-1140, 2000 U.S. Dist. LEXIS 19517
 (D. Md. Aug. 15, 2000)..............................................................................................................6

*Lax v. First Merchants Acceptance Corp.*,
 No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866
 (N.D. Ill. Aug. 11, 1997)............................................................................................................4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
 §78j(b)78n(a) ............................................................................................................................1
 §78n(a) .....................................................................................................................................1
 §78u-4 ......................................................................................................................................1
 §78u-4(a)(1) .............................................................................................................................3
 §78u-4(a)(3)(A)(i) ....................................................................................................................4
 §78u-4(a)(3)(A)................................................................................................................... 4, 5
 §78u-4(a)(3)(B)................................................................................................................3, 4, 5
 §78u-4(a)(3)(B)(iii) ............................................................................................................. 2, 5
 §78u-4(a)(3)(B)(v) .............................................................................................................. 2, 8

Federal Rules of Civil Procedure
 Rule 23 ............................................................................................................................ *passim*
 Rule 23(a) .................................................................................................................................6
 Rule 23(a)(3) .............................................................................................................................6
 Rule 23(a)(4) .............................................................................................................................7

17 C.F.R
 §240.10b-5 ................................................................................................................................1
 §240.14a-9 ................................................................................................................................1

- iii -

                                                **Page**

**LEGISLATIVE HISTORY**

H.R. Conf. Rep. No. 104-369 (1995)
    *reprinted in* 1995 U.S.C.C.A.N. 679 ....................................................................................... 7

Class members Maryland Electrical Industry Pension Fund and GJD Holdings, LLC ("HEK Investor Group" or "Movant") respectfully submit this memorandum of law in support of the HEK Investor Group's motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of his selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Robbins Umeda LLP ("Robbins Umeda") as lead counsel and Bouchard Margules & Friedlander, P.A. ("Bouchard Margules") as liaison counsel for the class.[1]

## I.  STATEMENT OF THE MATTER BEFORE THE COURT

Presently pending in this district is a securities class action lawsuit brought on behalf of: (1) purchasers of Heckmann Corporation ("Heckmann" or the "Company") common stock during the period between May 20, 2008 and May 8, 2009, inclusive (the "Class Period"); and (2) all persons or entities who held shares of Heckmann common stock on September 15, 2008 and were eligible to vote at the Company's special meeting held on October 30, 2008 with respect to the Company's acquisition of China Water and Drinks, Inc. ("China Water") (the "Merger").

This action is brought pursuant to §§10(b) and 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") 15 U.S.C. §§78j(b) and 78n(a), and U.S. Securities and

---

[1] A related case styled *Westfield Retirement Board v. Heckmann Corp., et al.*, Civ. No. 2:10-cv-03852-GW-AGR, filed May 21, 2010, is currently pending in the Central District of California. While the PSLRA requires that a motion for appointment as lead plaintiff be filed in response to the notice of this first filed action, 15 U.S.C. §78u-4c(a)(3)(B)(iii)(I)(aa), the HEK Investor Group is concurrently filing a lead plaintiff motion in the *Westfield* action pending in the Central District of California. As the Company and the majority of documents are located in the Central District of California, this action should be consolidated with the *Westfield* action. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R §240.10b-5 and Rule 14a-9, 17 C.F.R §240.14a-9.

## II.   SUMMARY OF ARGUMENT

The PSLRA sets forth the manner by which courts are to select a lead plaintiff. Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the HEK Investor Group should be appointed as lead plaintiff because: (1) it timely filed for appointment as lead plaintiff; (2) to the best of its knowledge, the HEK Investor Group has the largest financial interest in this litigation; and (3) it will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* §IV.B, *infra*. Additionally, the HEK Investor Group has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff," the HEK Investor Group's selection of Robbins Geller and Robbins Umeda to serve as lead counsel and Bouchard Margules as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.   STATEMENT OF FACTS

Heckmann is a Delaware corporation headquartered in Palm Desert, California which was created to buy operating businesses, primarily in the water sector.

On May 20, 2008, Heckmann announced that it had struck a deal to acquire China Water, for an aggregate purchase price of $625 million. In order to consummate the Merger, defendants issued a Joint Proxy and Information Statement/Prospectus on October 2, 2008 (the "Joint Proxy") which solicited the approval of Heckmann's stockholders.

The Joint Proxy contained material misstatements and omitted material information and did not fairly and accurately disclose the risks and liabilities that the Company and its

- 2 -

- 3 -

shareholders would assume in the event Heckmann acquired China Water. In particular, defendants recommended that shareholders approve the transaction because China Water was as an attractive acquisition target that would provide Heckmann stockholders "with an opportunity to merge with, and participate in, a company with significant growth potential." In support of this recommendation, the Joint Proxy contained detailed reported, pro forma and projected financial data for Heckmann and China Water. Defendants claimed that this financial data was the product of Heckmann's "extensive due diligence review of China Water and its business and operations." These statements were materially misleading and omitted material information regarding the actual value of China Water's assets and its financial condition, as well as the adequacy of defendants' due diligence.

As a result of the material misstatements and omissions in the Joint Proxy, which was prepared and approved by defendants, Heckmann shareholders overwhelmingly approved the Merger at an October 30, 2008 special stockholders' meeting.

Then, on May 8, 2009, the Company announced its financial results for the first fiscal quarter of 2009, including a net loss for the quarter of $186.2 million and a $184 million impairment charge. The release also reported that the Company had discovered "financial misconduct and the diversion of cash deposits by former management of China Water." On this news, and as revelations in the ensuing months continued to demonstrate the false and misleading nature of the information defendants provided to shareholders concerning the Merger and China Water, Heckmann's stock price declined from more than $10 per share shortly after the Merger was announced to a low of $3.38 per share in July 2009 after the truth was revealed.

## IV. ARGUMENT

### A. The HEK Investor Group Satisfies the "Lead Plaintiff" Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure that governs the appointment of a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(1)-(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the relevant notice was published on *PRNewswire* on May 6, 2010.[2] *See* Declaration of Sean M. Brennecke in Support of the HEK Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Brennecke Decl."), Ex. A.  Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a

---

[2] The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'"  *Greebel v. FTP Software*, 939 F. Supp. 57, 62 (D. Mass. 1996) (citation omitted); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 11, 1997).

- 4 -

presumption that the most adequate plaintiff in any private action arising under this Act is "the person or group of persons" that –

>    (aa) has either filed the complaint or made a motion in response to a notice . . .;

>    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

>    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1. The HEK Investor Group Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by July 6, 2010. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on May 6, 2010), the HEK Investor Group timely hereby moves this Court to be appointed lead plaintiff on behalf of all members of the class. The members of the HEK Investor Group have also duly signed and filed a certification stating their willingness to serve as a representative party on behalf of the class. *See* Brennecke Decl., Ex. B.

### 2. The HEK Investor Group Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, the HEK Investor Group suffered losses of over $332,000 based on its Class Period purchases of Heckmann stock. *See* Brennecke Decl., Exs. B, C. Additionally, the HEK Investor Group held 42,500 shares of Heckmann common stock on September 15, 2008, and was entitled to vote such shares with respect to the Merger. To the HEK Investor Group's knowledge, its financial interest in this matter is the largest of any

competing lead plaintiff movant. As a result, the HEK Investor Group should be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B).

### 3. The HEK Investor Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See In re E.spire Commc'ns, Inc., Sec. Litig.*, No. H-00-1140, 2000 U.S. Dist. LEXIS 19517, at *23-*24 (D. Md. Aug. 15, 2000).

Under Fed. R. Civ. P. Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See City of Roseville Employees Ret. Sys. v. Horizon Lines, Inc.*, No. 08-969, 2009 U.S. Dist. LEXIS 62572, at *5 (D. Del. June 18, 2009). Typicality does not require that there be no factual differences between the class representatives and the class members; rather, the question is "whether the circumstances of the movant, or the legal

- 6 -

theory upon which the movant bases its claims, 'are markedly different' from those of the other class members." *Id.* at *5 (citation omitted).

The HEK Investor Group satisfies the typicality requirement of Fed. R. Civ. P. 23 because, just like all other class members, it: (1) purchased Heckmann securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby.  Additionally, like other members of the class, the HEK Investor Group held shares of Heckmann common stock on September 15, 2008 and was eligible to vote those shares on the Merger.  Thus, the HEK Investor Group's claims are typical of those of other class members because its claims and the claims of other class members arise out of the same course of events.  *Id.*

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class."  When considering adequacy, courts assess "whether the movant has the ability and incentive to vigorously represent the class claims, whether it has obtained adequate counsel, and whether there is any conflict between the movant's claims and the claims it asserts on behalf of the class."  *Horizon Lines*, 2009 U.S. Dist. LEXIS 62572, at *5.

Here, the HEK Investor Group is an adequate class representative because its interest in aggressively pursuing the claims against defendants is clearly aligned with the interests of the members of the class, who were similarly harmed as a result of defendants' false and misleading statements to the market.  There is no antagonism between the HEK Investor Group's interests and those of the other members of the class.  Further, the HEK Investor Group's certifications and the Joint Declaration in Support of the HEK Investor Group's Motion for Appointment as Lead Plaintiff ("Joint Declaration") demonstrate the HEK Investor Group's ability, incentive and commitment to vigorously prosecute this action. Brennecke Decl., Ex. D.  Moreover, the HEK Investor Group, comprised of sophisticated investors with a significant stake in the outcome of this litigation, are the very sort of lead

plaintiff envisioned by Congress in enacting the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995) *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."). *See also* Brennecke Decl., Exs. B, D.

Finally, and as demonstrated below, the HEK Investor Group's proposed counsel is highly qualified, experienced and able to conduct this complex litigation in an efficient, effective and professional manner. Thus, the HEK Investor Group satisfies Rule 23's typicality and adequacy requirements for the purposes of this Motion.

### B. The HEK Investor Group's Selection of Lead and Liaison Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the HEK Investor Group, as the presumptively most adequate plaintiff, has selected Robbins Geller and Robbins Umeda to serve as lead counsel for the class. Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Brennecke Decl., Ex. F. Similarly, Robbins Umeda also has significant shareholder litigation experience. *Id.*, Ex. E. Bouchard Margules has served as liaison counsel in numerous securities and complex class actions, and is capable of doing so here. *See generally Horizon Lines*, 2009 U.S. Dist. LEXIS 62572, *8. As a result, the Court should approve the HEK Investor Group's selection of Robbins Geller and Robbins Umeda as lead counsel, and Bouchard Margules as liaison counsel for the class.

## V. CONCLUSION

For the foregoing reasons, the Court should appoint the HEK Investor Group as Lead Plaintiff and approve its selection of Robbins Geller and Robbins Umeda as Lead Counsel and Bouchard Margules as Liaison Counsel for the class.

DATED: July 6, 2010       BOUCHARD MARGULES &
　　　　　　　　　　　　　　FRIEDLANDER, P.A.


　　　　　　　　　　　　　　s/ Sean M. Brennecke
　　　　　　　　　　　　　　Joel Friedlander (#3163)
　　　　　　　　　　　　　　Sean M. Brennecke (#4686)
　　　　　　　　　　　　　　222 Delaware Avenue, Suite 1400
　　　　　　　　　　　　　　Wilmington, DE  19801
　　　　　　　　　　　　　　Telephone:  302/573-3502
　　　　　　　　　　　　　　302/573-3501 (fax)
　　　　　　　　　　　　　　jfriedlander@bmf-law.com
　　　　　　　　　　　　　　sbrennecke@bmf-law.com

　　　　　　　　　　　　　　*[Proposed] Liaison Counsel*

　　　　　　　　　　　　　　ROBBINS GELLER RUDMAN
　　　　　　　　　　　　　　　& DOWD LLP
　　　　　　　　　　　　　　Darren J. Robbins
　　　　　　　　　　　　　　Brian O'Mara
　　　　　　　　　　　　　　655 West Broadway, Suite 1900
　　　　　　　　　　　　　　San Diego, CA  92101
　　　　　　　　　　　　　　Telephone:  619/231-1058
　　　　　　　　　　　　　　619/231-7423 (fax)

　　　　　　　　　　　　　　ROBBINS GELLER RUDMAN
　　　　　　　　　　　　　　　& DOWD LLP
　　　　　　　　　　　　　　John K. Grant
　　　　　　　　　　　　　　100 Pine Street, Suite 2600
　　　　　　　　　　　　　　San Francisco, CA  94111
　　　　　　　　　　　　　　Telephone:  415/288-4545
　　　　　　　　　　　　　　415/288-4534 (fax)

ROBBINS UMEDA LLP
Brian J. Robbins
Craig W. Smith
Shane P. Sanders
600 B Street, Suite 1900
San Diego, CA  92101
Telephone:  619/525-3990
619/525-3991 (fax)

*[Proposed] Lead Counsel for Plaintiff*