**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD P. GIELATA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD J. HECKMANN, LOU L. HOLTZ, JAMES DANFORTH QUAYLE, ALFRED E. OSBORNE, JR., DONALD G. EZZELL, XU HONG BIN and HECKMANN CORPORATION,<br><br>Defendants. | Civil Action No. 1:10-cv-00378-JJF-MPT<br><br>**CLASS ACTION** |

**OPENING BRIEF IN SUPPORT OF THE MOTION OF MATTHEW HABERKORN FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Dated: July 6, 2010

ROSENTHAL, MONHAIT & GODDESS, P.A.
Norman M. Monhait (Del. Bar No. 1040)
P. Bradford deLeeuw (Del. Bar No. 3569)
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899
Tel: (302) 656-4433
Fax: (302) 658-7567
Nmonhait@rmgglaw.com
Bdeleeuw@rmgglaw.com

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
Sean M. Handler
Darren J. Check
Sharan Nirmul (Del. Bar No. 4589)
Naumon A. Amjed (Del. Bar No. 4481)
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
*Proposed Lead Counsel*

# **TABLE OF CONTENTS**

I.   Preliminary Statement..................................................................................................1

II.  Nature and Stage of the Proceedings ...........................................................................2

III. Summary of the Argument............................................................................................3

IV.  Factual Background .....................................................................................................4

V.   Argument .....................................................................................................................6

      A.   The PSLRA's Lead Plaintiff Provisions ........................................................6

      B.   Mr. Haberkorn is the "Most Adequate Plaintiff"..........................................7

          1.   Mr. Haberkorn Has the Largest Financial Interest in the Relief Sought by the Class................................................................7

          2.   Mr. Haberkorn Satisfies the Applicable Requirements of Rule 23 ..............................................................................................8

              a.   Mr. Haberkorn is Typical.....................................................9

              b.   Mr. Haberkorn is Adequate.................................................10

      C.   Mr. Haberkorn's Choice of Counsel Should Be Approved .......................10

VI.  Conclusion .................................................................................................................12

i

# **TABLE OF AUTHORITIES**

**CASE** **PAGE(S)**

*In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)..................................................7, 8

*Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 U.S. Dist. LEXIS 6958
    (E.D. Pa. Jan. 30, 2008) ..............................................................................................................7

*Dutton v. Harris Stratex Networks, Inc.,* No. 08-755, 2009 U.S. Dist. LEXIS 48455
    (D. Del. June 5, 2009)..........................................................................................................7, 10

*In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147 (D. Del. 2005).......................8, 9, 10

*In re Party City Sec. Litig.*, 189 F.R.D. 91 (D.N.J. 1999) ..............................................................9

*Am. Bus. Fin. Servs*, No. 04-0265, 2004 U.S. Dist. LEXIS 10200 (E.D. Pa.
    June 3, 2004).............................................................................................................................9

*In re Vicuron Pharms., Inc. Sec. Litig.,* 225 F.R.D. 508 (E.D. Pa. 2004) ...............................10, 11

**STATUTES**

15 U.S.C. § 78u-4(a)(1) ...................................................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)(i) .........................................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)(i)(II)....................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(i) .........................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii) .......................................................................................................7

15 U.S.C. § 78u-4(a)(3)(A)-(B) .....................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)..............................................................................................................8

15 U.S.C. § 78u-4(a)(3)(B)............................................................................................................10

15 U.S.C. § 78u-4(a)(3)(B)(v) ......................................................................................................10

I.     **PRELIMINARY STATEMENT**

Matthew Haberkorn, Individually, and as trustee of the M. H. Haberkorn 2006 Trust U/A Dtd. 10/27/2006 ("Mr. Haberkorn" or "Movant")[1] respectfully moves this Court for an Order: (1) appointing Mr. Haberkorn as Lead Plaintiff in this and all related matters pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (the "PSLRA"); (2) approving Mr. Haberkorn's selection of the law firms of Barroway Topaz Kessler Meltzer & Check, LLP ("Barroway Topaz") and Rosenthal, Monhait & Goddess, P.A. ("Rosenthal Monhait") as Lead Counsel; and (3) granting such other relief as the Court may deem just and proper.

---

[1] Mr. Haberkorn's individual losses are based on the account of his minor daughter over which Mr. Haberkorn is the custodian.

## II. NATURE AND STAGE OF THE PROCEEDINGS

The above-captioned action is a securities class action lawsuit concerning Heckmann Corporation's ("Heckmann" or the "Company") acquisition of China Water and Drinks, Inc. ("China Water") which was completed on October 30, 2008 (the "Merger"). The action asserts claims under § 10(b), 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5, on behalf of purchasers of Heckmann securities between May 20, 2008 and May 8, 2009, inclusive, (the "Class Period")[2] and under § 14(a), 15 U.S.C. § 78n(a) and Rule 14a-9, 17 C.F.R. § 240.14a-9, on behalf of investors who held shares on September 15, 2008 and were entitled to vote on the Merger. The claims are asserted against Heckmann and certain of its officers and directors. The above-captioned action is in the preliminary stages of litigation and requires the appointment of a lead plaintiff and lead counsel.

---

[2] A related securities class action lawsuit captioned Westfield Retirement Board v. Heckmann Corp., No. 2:10-cv-3852, is currently pending in the Central District of California. The Westfield Retirement Board action and the above-captioned action assert differing class periods. For purposes of this motion, Mr. Haberkorn adopts the longest alleged class period (May 20, 2008 through May 8, 2009) to calculate his financial interest.

### III.   SUMMARY OF THE ARGUMENT

1.   Having suffered losses totaling approximately $619,948 as a result of his investments in Heckmann common stock during the Class Period and holding 313,600 shares (as of September 15, 2008) to be voted in the Merger, Mr. Haberkorn believes he has suffered the largest financial loss of any movant seeking appointment as lead plaintiff in this matter and, as such, has the largest financial interest in the outcome of this litigation.  As the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Procedure ("Rule 23"), Mr. Haberkorn should be appointed lead plaintiff.[3]

2.   Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Mr. Haberkorn's selection of Barroway Topaz and Rosenthal Monhait as Lead Counsel should be approved.

---

[3] See Ex. A to the Declaration of P. Bradford deLeeuw in Support of the Motion of Matthew Haberkorn For Appointment as Lead Plaintiff and For Approval of Lead Plaintiff's Selection of Lead Counsel (the "deLeeuw Decl.").

## IV. FACTUAL BACKGROUND

Heckmann is a holding company organized under the laws of the State of Delaware on May 29, 2007 as a "blank check" development stage company. The Company's business model is based on a strategy to acquire or acquire control of one or more operating businesses through a business combination. The Company completed its initial public offering on November 16, 2007 for gross proceeds of approximately $432.9 million.

In May 2008, the Company announced that it had agreed to acquire China Water, a Nevada corporation engaged in the manufacture and distribution of bottled water products in the People's Republic of China. The acquisition was valued at approximately $625 million in cash and stock. On October 2, 2008, Heckmann issued a proxy soliciting shareholder approval of the Merger. Following the recommendation of the Company's Board of Directors in the proxy, Heckmann's investors approved the Merger at a special meeting of stockholders held on October 30, 2008. The Merger was consummated that same day.

The China Water acquisition was disastrous for Heckmann's investors. On May 8, 2009, the Company issued its second earnings release post-Merger and filed a quarterly report on Form 10-Q with the SEC which contained disturbing revelations, including a net loss of $186.2 million (or $1.69 per share). The release also disclosed a massive $184 million goodwill impairment charge related to the acquisition of China Water and revealed "financial misconduct and the diversion of cash deposits by former management of China Water." In the wake of these disturbing revelations, the Company's stock price closed at $4.20 on May 11, 2009, a decline of 43% from the closing price of the stock when the Merger was approved in October 2008. By the end of

2009, China Water had been written down to approximately $21 million. Thus, within 14 months of urging stockholders to authorize the acquisition of China Water for $625 million, the defendants had revised their valuation of that enterprise downward by more than 96%.

## V.     ARGUMENT

### A.     The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, in connection with the filing of the first-filed *Gielata* action, notice was published on *PRNewswire* on May 6, 2010. *See* deLeeuw Decl., Ex. B. Second, within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Third, the PSLRA provides that within ninety days after publication of notice, courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

(aa)     has either filed the complaint or made a motion in response to a notice…;

(bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)     otherwise satisfies the requirements of Rule 23.

6

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001).

The time period in which class members may move to be appointed lead plaintiff in this case expires July 6, 2010. *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Mr. Haberkorn timely moves this Court to be appointed lead plaintiff on behalf of all members of the class. *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 U.S. Dist. LEXIS 6958, at *4 (E.D. Pa. Jan. 30, 2008) . In addition, Mr. Haberkorn has selected and retained counsel experienced in the prosecution of securities class actions to represent him and the class. *See* deLeeuw Decl., Exs. D & E. Accordingly, Mr. Haberkorn satisfies the PSLRA's filing requirements and is entitled to have his application for appointment as lead plaintiff considered by the Court.

    **B.**    **Mr. Haberkorn Is The "Most Adequate Plaintiff"**

            **1.**    **Mr. Haberkorn Has The Largest Financial Interest In the Relief Sought By The Class**

Mr. Haberkorn lost approximately $619,948 in connection with his Class Period transactions in Heckmann stock. *See* deLeeuw Decl., Ex. C. Mr. Haberkorn also held 313,600 shares (as of September 15, 2008) entitled to be voted in the Merger. To the best of his knowledge, this represents the largest financial interest in the relief sought by the class. *See Cendant*, 264 F. 3d at 222; *Dutton v. Harris Stratex Networks, Inc.,* No. 08-755, 2009 U.S. Dist. LEXIS 48455, at *6-7 (D. Del. June 5, 2009).

            **2.**    **Mr. Haberkorn Satisfies The Applicable Requirements Of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of

the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("beyond the size of the financial stake held by a lead plaintiff candidate, the court must consider whether the candidate may serve as a class representative. . . .") (citations omitted).

Although Rule 23 consists of four requirements, "[i]n the context of selecting the lead plaintiff, 'the focus is only on the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements'" of Rule 23. *See Cendant,* 264 F.3d at 263 ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy"); *see also Molson Coors*, 233 F.R.D. at 150 ("A full examination of the remaining Rule 23 factors should be left for consideration on a motion for class certification."). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### a. Mr. Haberkorn is Typical

Mr. Haberkorn's claims are typical of the claims of the putative class. Typicality exists if claims "arise from the same event or course of conduct that gave rise to the claims of the other class members and are premised upon the same legal theory." *In re Party City Sec. Litig.*, 189 F.R.D. 91, 107 n.13 (D.N.J. 1999); *see also Molson*

*Coors*, 233 F.R.D. at 152 ("The typicality requirement is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals. However, typicality . . . does not require that all putative class members share identical claims.") (citations omitted). Here, Mr. Haberkorn satisfies the typicality requirement because, just like all other class members asserting claims under §10(b), he: (1) purchased or otherwise acquired Heckmann securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by the defendants' conduct causing the price of Heckmann's securities to collapse. *See Am. Bus. Fin. Servs*, No. 04-0265, 2004 U.S. Dist. LEXIS 10200, at *4-5 (E.D. Pa. June 3, 2004) (demonstrating that the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct). Also, Mr. Haberkorn's claims under §14(a) are typical of all investors entitled to vote in the Merger as their votes were solicited based on a misleading proxy statement.

### b.     Mr. Haberkorn is Adequate

Mr. Haberkorn also satisfies the adequacy requirement of Rule 23, which requires that the representative party "fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B). "[T]he adequacy inquiry under Rule 23 has two components designed to ensure that absentees' interests are fully pursued. First, the adequacy inquiry tests the qualifications of the counsel to represent the class. Second, it seeks to uncover conflicts of interest between named parties and the class they seek to represent." *Molson*

*Coors*, 233 F.R.D. at 153; *see also In re Vicuron Pharms., Inc. Sec. Litig.,* 225 F.R.D. 508, 511 (E.D. Pa. 2004) (describing components of adequacy requirement). Mr. Haberkorn satisfies both of these elements and therefore, meets the adequacy requirement of Rule 23. First, as explained below, Mr. Haberkorn has selected highly qualified firms with significant experience prosecuting class action lawsuits under the federal securities laws to serve as lead counsel for the class. *See* Section C, *Infra*. Second, there is no conflict between Mr. Haberkorn and the class. Mr. Haberkorn and the class both seek to recover losses caused by the defendants' false and misleading statements..

### C. Mr. Haberkorn's Choice of Counsel Should be Approved

Pursuant to the PSLRA, the party selected to serve as lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v); *see Molson Coors,* 233 F.R.D. at 150 ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel"); *Dutton,* 2009 U.S. Dist. LEXIS 48455, at *11-12. Mr. Haberkorn has selected and retained Barroway Topaz and Rosenthal Monhait to serve as Lead Counsel for the Class. Both firms have extensive experience in complex litigation and are well qualified to represent the Class. See deLeeuw Decl., Exs. D & E.

Barroway Topaz specializes in prosecuting complex class action litigation and is one of the preeminent law firms in its field. Barroway Topaz is currently serving as Lead or Co-Lead Counsel in several high profile securities class actions, including actions involving Lehman Brothers, Bank of America, Medtronic, and UBS and has secured billions of dollars in recoveries for investors. *See* deLeeuw Decl. Ex. D.

Rosenthal Monhait has substantial experience with, and devotes a substantial portion of its practice to, the representation of stockholders in derivative and class

actions, including class actions asserting claims pursuant to the Exchange Act governed by the PSLRA. *See* deLeeuw Decl. Ex. E.

## VI. CONCLUSION

For the foregoing reasons, Mr. Haberkorn respectfully requests that the Court: (i) appoint Matthew Mr. Haberkorn as Lead Plaintiff pursuant to the PSLRA; and (ii) approve Mr. Haberkorn's selection of Barroway Topaz and Rosenthal Monhait to serve as Lead Counsel for the Class.

Dated: July 6, 2010

Respectfully submitted,

**ROSENTHAL, MONHAIT & GODDESS, P.A.**

By: /s/ P. Bradford deLeeuw
Norman M. Monhait (Del. Bar No. 1040)
P. Bradford deLeeuw (Del. Bar No. 3569)
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899
Tel: (302) 656-4433
Fax: (302) 658-7567
Nmonhait@rmgglaw.com
Bdeleeuw@rmgglaw.com

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
Sean M. Handler
Darren J. Check
Sharan Nirmul (Del. Bar No. 4589)
Naumon A. Amjed (Del. Bar No. 4481)
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Proposed Lead Counsel*