## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE HECKMANN CORPORATION
SECURITIES LITIGATION

Case No. 1:10-cv-00378-LPS-MPT

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

*Of Counsel*:

Robert W. Brownlie
(admitted *pro hac vice*)
Veronica L. Jackson
(admitted *pro hac vice*)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, California  92101

Daniel A. Dreisbach (#2583)
Dreisbach@rlf.com
Geoffrey G. Grivner (#4711)
Grivner@rlf.com
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 651-7700

*Attorneys for Defendants Heckmann
Corporation, Richard J. Heckmann, James
Danforth Quayle, Alfred E. Osborne, Jr.,
Lou L. Holtz, Donald G. Ezzell, and China
Water and Drinks, Inc.*

Dated: December 10, 2010

WEST\222838296.1

Pursuant to Rule 201 of the Federal Rules of Evidence, defendants Heckman Corporation, Richard J. Heckmann, James Danforth Quayle, Alfred E. Osborne, Jr., Lou L. Holtz, Donald G. Ezzell, and China Water and Drinks, Inc. (collectively, "Defendants") respectfully request that the Court take judicial notice of the documents described below and attached as Exhibits A, B, C, D, E, and F to the Declaration of Veronica L. Jackson ("Jackson Declaration") filed concurrently herewith, and that (1) there was a global economic crisis in 2008 (identified as a the "Great Recession") (2) that resulted in the collapse of major financial institutions and caused the credit and capital markets to freeze in the fall of 2008 and (3) March 9, 2009 was the Dow's lowest close in 12 years—the Dow's "rock bottom close of the Great Recession.

A court must take judicial notice of matters if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(d). Rule 201 allows the court to take judicial notice of facts "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## I.    JUDICIAL NOTICE OF EXHIBITS A-F IS APPROPRIATE.

A court must take judicial notice of matters if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(d). Rule 201 allows the court to take judicial notice of facts "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (finding that judicial notice was properly taken with respect to "three different categories of documents [which] included: (1) documents relied upon in the Complaint ([including] Company['s] press releases); (2) documents

filed with the SEC; and (3) stock price data compiled by [a reliable financial] news service");
*Ieradi v. Mylan Lab., Inc.*, 230 F.3d 594, 600 n.3 (3d Cir. 2000) (taking judicial notice of stock
prices reported by Quotron Chart Services); *In re Intelligroup Securities Litig.*, 527 F. Supp. 2d
262, 273 (D.N.J. 2007) ("Since Plaintiffs' Complaint relies on the statements made in the Press
Release, the 10/05/04 Transcript and Intelligroup's Restatement and 10-K 2004 Form, plus the
SEC Investigation Notice was duly filed by Intelligroup with the SEC, and, in as much as the a
stock price chart compiled by Yahoo! Finance appears to provide this Court with stock price data
compiled by a reliable financial news service, this Court takes judicial notice of [each of these]
items."); *Amalgamated Bank v. Yost*, No. Civ. A. 04-0972, 2005 WL 226117, *5 (E.D.Pa. Jan.
31, 2005) (citing cases where the court took judicial notice of stock prices in SEC cases; taking
judicial notice of stock prices reported on the NASDAQ website); *In re ATI Technologies, Inc.
Securities Litig.*, 216 F. Supp. 2d 418, 439 (E.D.Pa. 2002) (taking judicial notice of stock prices
reported on the NASDAQ website).

Defendants request that the Court take judicial notice of the following documents
attached Exhibits A, B, C, D, E, and F to Jackson Declaration:

Heckmann Corporation's Registration Statement regarding acquisition of China Water
and Drinks, Inc., a Nevada corporation ("China Water Nevada"), filed with the Securities and
Exchange Commission ("SEC") on June 16, 2008 ("Form S-4") and cited in the amended
complaint ("Complaint").  A true and correct copy of this document is attached as Exhibit A to
the Jackson Declaration.

Heckmann Corporation's Proxy and Information Statement/Prospectus regarding
acquisition of China Water Nevada filed with the SEC on October 2, 2008 ("Proxy") and cited in
the Complaint.  A true and correct copy of this document is attached as Exhibit B to the Jackson

- 2 -

Declaration.

The historical stock price report from the NASDAQ website showing, among other things, the closing share prices for the Heckmann Corporation's common stock traded on the New York Stock Exchange from various dates between May 19, 2008 to December 3, 2010 (the "Historical Stock Quote Report"). A true and correct copy of this report is attached as Exhibit C to the Jackson Declaration.

The historical warrant price report from the NASDAQ website showing, among other things, the closing share prices for the Heckmann Corporation's warrants traded on the New York Stock Exchange from various dates between May 19, 2008 to December 3, 2010 (the "Historical Warrant Quote Report"). A true and correct copy of this report is attached as Exhibit D to the Jackson Declaration.

Heckmann Corporation's Form 10Q filed with the SEC on May 8, 2009 ("Form 10Q") and cited in the Complaint. A true and correct copy of this document is attached as Exhibit E to the Jackson Declaration.

The historical stock price chart comparing Heckmann Corporation's stock price to the Dow Jones Industrial Average ("Dow") downloaded from the Yahoo! Finance website showing, among other things, how Heckmann Corporation's stock changed over time in comparison to the Dow (the chart has been printed 4 different times to specifically show the Heckmann Corporation and Dow's closing prices/amount on March 5, 2009, March 9, 2009, May 7, 2009, and May 8, 2009; plus an aggregate chart for the date range May 19, 2008 to December 3, 2010 has also been printed) (collectively, the "Stock Price Comparison Charts"). A true and correct copy of the Stock Price Comparison Charts is attached as Exhibit F to the Jackson Declaration.

Exhibits A, B, and E, the Form S-4, Proxy, and Form 10Q respectively, are available as public records and have been cited and relied on by Plaintiff in the Complaint. These exhibits are part of the records and files of the SEC and they became publically available upon filing. Fed. R. Evid. 201(b). Therefore, Exhibits A, B, and D are appropriate for judicial notice. *See In re NAHC*, 306 F.3d at 1331 (taking judicial notice of SEC filings that were not referenced in plaintiffs complaint); *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (taking judicial notice of documents filed with the SEC because there was no question as to their authenticity).

Exhibits C, D, and F--the Historical Stock Quote Report, the Historical Warrant Quote Report, and the Stock Price Comparison Charts--were downloaded and printed from the Yahoo! Finance or NASDAQ's websites as indicated. These exhibits are reports of "published stock prices [that] fall within the category of information that can be judicially noticed." *PHP Liquidating, LLC v. Robbins*, 291 BR 592, 602 n.7 (D. Del. 2003) (citation omitted); *see In re Delmarva Sec. Litig.*, 794 F. Supp. 1293, 1300 n.5 (D. Del. 1992) ("The Court may take judicial notice of closing stock prices pursuant to Federal Rule of Evidence 201(f).").

## II.   JUDICIAL NOTICE OF THE GREAT RECESSION OF 2008, FINANCIAL AND CREDIT CRUNCH IN THE FALL OF 2008, AND LOWEST CLOSE OF DOW IN 12 YEARS IS APPROPRIATE.

Pursuant to Federal Rule of Evidence 201(d), judicial notice of all of the following is appropriate: (1) the Great Recession of 2008; (2) that there was a financial and credit crunch in the fall of 2008; and (3) the lowest close of the Dow during the Great Recession occurred on March 9, 2009. *See, e.g., Great N. Ry. Co. v. Weeks*, 297 U.S. 135, 149 (1936) (taking notice "that late in 1929 there occurred a great collapse of values of all classes of property"); *Third Nat'l Bank in Nashville v. Impac Ltd., Inc.*, 432 U.S. 312, 317 (1977) (noticing that "1873 was the year of a financial panic"); *Procacci v. Drexel Burnham Lambert, Inc.*, No. 89-0555, 1989

- 4 -

WL 121984, at *2 n.3 (E.D. Pa. Oct. 16, 1989) (noticing the "general decline of the market" associated with the "October 19, 1987 crash"); *In re Merrill Lynch & Co. Inc. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 421 n.6 (S.D.N.Y. 2003) (noticing the "internet bubble and its subsequent crash").

Here it was widely reported in the financial press that there was a Great Recession, which caused massive credit and capital market failures in the fall of 2008, and saw March 9, 2009 as the lowest close for the Dow in 12 years. *See* Jackson Decl., Exhs. F at p. 3 [Dow closed at 6,547]; G[1] at ¶ 3 [questioning on August 25, 2008 whether the "credit crunch [was] finally waning?"]; H [article published on September 18, 2008 titled "Credit Crunch Become Excruciating]; I at ¶ 4 ["[On March 9, 2009] the Dow closed at 6,547.05, its lowest close in 12 years. The value of all U.S. stocks had dropped from a peak of $22 trillion to $9 trillion, a staggering loss of wealth."]. Recently, one court discussed, in a case involving default on a heavy equipment lease, that the equipment was "repossessed December 2008, which, if not the nadir of the current Great Recession, certainly was close to it. Not only has the construction industry been in the proverbial economic tank, those with money have been unwilling to spend it, and the banks have been unwilling to lend money." *Suntrust Equipment Finance & Leasing*

---

[1] Although the newspaper articles cited in this Request have not been cited in the Motion to Dismiss, judicial notice of the articles (Jackson Decl., Exhs. G, H & I) is nevertheless requested. In *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital*, 435 F.3d 396 (3d Cir. 2006), the court took judicial notice of newspaper articles because they indicated what was in the public realm at the time and were "not subject to reasonable dispute in that [they are] ... capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. *Id.* at 401 n.15 (citing cases). Judicial notice of these articles is appropriate under Rule 201(f) of the Federal Rules of Evidence. *See Ieradi*, 230 F.3d at 598 n.2 (taking judicial notice of stock quotes and an article cited in take judicial notice under Federal Rule of Evidence 210(f) of an article in the New York Times dated July 13, 2000 entitled "Generic Drug Maker Agrees to Settlement in Price Fixing Case.").

*Corp. v. A & E Salvage, Inc.*, No. 2:09-CV-66, 2009 WL 3584333, at *4 n.6 (E.D. Tenn. Oct. 26, 2009).

Additionally, a number of courts have taken judicial notice of the credit crisis. *See Langley v. Prudential Mortgage Capita*l, 546 F.3d 365, 367 (6th Cir. 2008) (recognizing the subprime mortgage crisis began in the summer of 2007), *reh'g denied*, 554 F.3d 647 (6th Cir. 2009); *Bloomberg L.P. v. Board of Governors of FRS*, 649 F. Supp .2d 262, 266 (S.D.N.Y. 2009) ("In 2007, the U.S. economy encountered a serious financial crisis."); *Amida Capital Mgmt. II, LLC v. Cerberus Capital Mgmt., L.P.*, No. 08 Civ. 5516, 2009 WL 3787197, at *2 (S.D.N.Y. Nov. 10, 2009) ("July 2007 marked the beginning of what was then called the 'credit crunch,' the first phase of the financial crisis that culminated in the fall of 2008."); *see also Lautenberg Found. v. Madoff*, No. 09 Civ. 816, 2009 WL 2928913, at *1 (D.N.J. Sept. 9, 2009) (taking judicial notice on a motion to dismiss of the plea and conviction of Bernard Madoff "because as matters of public record extensively and globally covered in news, legal, financial and other media, it seems to the Court that not to take notice of them would be to isolate this Complaint from reality"). The fact there was a credit crunch, Great Recession, and lowest close of the Dow in 12 years on March 9, 2009 is "not subject to reasonable dispute in that it is ... generally known within the territorial jurisdiction of the trial court." Fed.R.Evid. 201(b)(1). *See also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F.Supp.2d 416, 419 (S.D.N.Y. 2003) (taking judicial notice of the "burst of the notorious internet bubble which directly intervened during plaintiffs' ownership of the securities and caused the virtual destruction of their stock holdings, before the accrual of their claims").

Therefore, judicial notice is proper and should be granted.

Dated: December 10, 2010

*Of Counsel*:

Robert W. Brownlie
(*pro hac vice* application pending)
Veronica L. Jackson
(*pro hac vice* application pending)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, California  92101

/s/ Daniel A. Dreisbach
Daniel A. Dreisbach (#2583)
Dreisbach@rlf.com
Geoffrey G. Grivner (#4711)
Grivner@rlf.com
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 651-7700

*Attorneys for Defendants Heckmann
Corporation, Richard J. Heckmann, James
Danforth Quayle, Alfred E. Osborne, Jr., Lou
L. Holtz, Donald G. Ezzell, and China Water
and Drinks, Inc.*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.

> P. Bradford deLeeuw
> Rosenthal, Monhait & Goddess, P.A.
> 919 N. Market Street, Suite 1401
> P.O. Box 1070
> Wilmington, DE 19899
> *Attorneys for Plaintiff Richard P. Gielata*

I further certify that on December 11, 2010, I have caused to be mailed by Federal Express Overnight Mail the document(s) to the following non-registered participants:

> Sharan Nirmul
> Barroway Topaz Kessler Meltzer & Check, LLP
> 280 King of Prussia Road
> Radnor, PA 19087
> *Of Counsel for Plaintiff Richard P. Gielata*

> */s/ Daniel A. Dreisbach*
> Daniel A. Dreisbach (#2583)
> Dreisbach@rlf.com
> Geoffrey G. Grivner (#4711)
> Grivner@rlf.com
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware  19899
> (302) 651-7700