IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE HECKMANN CORPORATION : 
SECURITIES LITIGATION :
: C. A. No. 10-378-LPS-MPT
:
: **CLASS ACTION**

**MEMORANDUM ORDER**

**I. BACKGROUND**

Lead plaintiff Matthew Haberkorn ("Haberkorn") and defendants,[1] specifically Heckmann Corporation ("Company"), are currently litigating a class action based on federal securities laws regarding a shareholder-approved merger between the Company and China Water and Drinks, Inc. ("China Water").[2] The complaint asserts claims under §§ 10(b), 14(a), 20(a), and Rule 10b-5 of the Securities Exchange Act of 1934 on behalf of all shareholders who held stock in the Company and were entitled to vote on the merger, and on behalf of investors who acquired securities in the Company during the class period.[3] The claims converge upon allegations of fraud and materially false and misleading statements.[4]

On October 15, 2010, Haberkorn informed the Company of his intent to request the court's permission for partial modification of the PSLRA discovery stay to serve

---

[1] The complaint names the Company, its subsidiary China Water, and six of its current and/or former officers and directors as defendants. D.I. 52 at ¶¶ 31-40.
[2] D.I. 52; D.I. 58 at 1-2, 4-5; D.I. 60 at 3.
[3] D.I. 52 at ¶¶ 273, 275, 285, 287, 294-95, 297, 300, 308-09, 312, 318-19, 325-26, 328; D.I. 58 at 1-2. The class period is May 20, 2008 to May 8, 2009. D.I. 52 at ¶ 1; D.I. 58 at 2.
[4] *See generally* D.I. 52 ¶¶ 135-229, 254-328. D. I. 58 at 3-5.

document preservation subpoenas on non-party entities because they are not subject to the obligations of 15 U.S.C. § 78u-4(b)(3)(C)(i).[5] This section requires only parties to a litigation during the pendency of the automatic PSLRA stay to preserve documents.[6] Haberkorn also advised that he intended to seek permission to propound a single interrogatory to obtain the names and addresses of the third parties to be served with such subpoenas.[7] He further requested that the Company stipulate to the service of the subpoenas and voluntarily provide the requested information.[8]

The non-party entities from whom Haberkorn seeks information include: GHP Horwath P.C.; Ernst & Young LLP; Roth Capital Partners, LLC; Credit Suisse Securities LLC; FTI Consulting, Inc.; and Jones, LaSalle and Solomons.[9] They served as financial advisors, primary auditors, or outside investigation firms to either the Company or China Water in connection with the merger.[10]

On October 26, 2010, the Company responded that it would not agree to the proposal because discovery was not yet permitted by the PSLRA and the Federal Rules

---

[5] D.I. 59 Ex. G; D.I. 61 Ex. 1.

[6] In general [d]uring the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i) (2010).

[7] D.I. 59 Ex. G; D.I. 61 Ex. 1.
[8] D.I. 59 Ex. G; D.I. 61 Ex. 1.
[9] D.I. 58 at 1 n.2; D.I. 59 Ex. G.
[10] D.I. 58 at 5-6.

of Civil Procedure.[11] The Company maintained that Haberkorn could easily ensure preservation of evidence by sending a letter to the third parties asking them to preserve the documents and put them on notice that once discovery is allowed, Haberkorn will seek documents from them.[12] The Company further argued that subpoenas would potentially result in inadvertent production, as opposed to preservation, of the documents.[13]

Haberkorn filed this motion on November 12, 2010 seeking a limited modification of the PSLRA discovery stay in order to propound a single interrogatory on the Company to ascertain and/or confirm the correct names and addresses of the third party entities on which to serve preservation subpoenas.[14] Haberkorn also seeks to serve document preservation subpoenas on the third parties.[15] On December 10, 2010, five out of the six individual defendants filed a motion to dismiss the class action suit for lack of personal jurisdiction and failure to state a claim for relief.[16] On the same date, the Company and China Water filed a motion to dismiss for failure to prove the required state of mind and causation.[17] This memorandum order addresses the request for partial modification of the PSLRA automatic discovery stay and concludes for the reasons herein that Haberkorn's motion for partial modification be denied.

---

[11] D.I. 59 Ex. H; D.I. 61 Ex. 2.
[12] D.I. 59 Ex. H; D.I. 61 Ex. 2.
[13] D.I. 59 Ex. H; D.I. 61 Ex. 2.
[14] D.I. 57 at ¶ 2.
[15] *Id.*
[16] D.I. 63 at 1.
[17] D.I. 69 at 1.

3

## II. PARTIES' CONTENTIONS

### Haberkorn

Haberkorn argues that the PSLRA allows for judicial modification of the discovery stay upon a showing of the appropriate statutory standard which he contends has been met; that modification is necessary to preserve relevant evidence in this matter;[18] and that the destruction of the evidence would cause severe prejudice to the class.[19] He notes that courts routinely grant requests for document preservation subpoenas,[20] demonstrating that mere preservation letters to third parties are an inadequate substitute.[21] He attests that the case law on which the Company relies is factually distinguishable from the present matter.[22]

According to Haberkorn, modification of the mandatory discovery stay is necessary because the third parties possess pertinent information regarding the claims, which the Company does not dispute,[23] yet they are under no legal obligation to preserve evidence because the PSLRA only requires that parties to the litigation maintain documents.[24] Thus, Haberkorn argues, there is a substantial risk that evidence will be destroyed due to routine corporate document destruction prior to a ruling on the Company's motion to dismiss [25]

---

[18] D.I. 58 at 2-3, 6-13; D.I. 74 at 3.
[19] D.I. 58 at 10; D.I. 74 at 9.
[20] D.I. 58 at 13-14; D.I. 74 at 1, 3-4.
[21] D.I. 74 at 7 n.6.
[22] *Id.* at 2, 4-5.
[23] *Id.* at 2-3.
[24] D.I. 58 at 2-3, 8.
[25] D.I. 58 at 8-10; D.I. 74 at 2-5.

Haberkorn maintains that his requests are sufficiently particularized because they are directed to specific entities and clearly identify and describe the scope of the documents to be preserved.[26] Further, Haberkorn is only seeking the preservation, and not production of documents.[27] Because the third parties in question are well-sophisticated entities, he observes that confusion of preservation with production of documents is unlikely.[28] Haberkorn also claims that modifying the discovery stay will neither thwart the underlying policies of the PSLRA,[29] nor impose a recognizable burden on the Company and the third parties.[30]

**The Company**

The Company challenges Haberkorn's assertions in support of his motion and contends that the requisite standard to modify the discovery stay has not been met.[31] The Company maintains that the burden of proof needed for a partial lifting of the automatic stay is substantial,[32] and requires a showing that loss of evidence is imminent[33] in contrast to the speculative, general contentions made by Haberkorn.[34] The Company notes that under Rule 45(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, a federal subpoena may command production of documents: it does not

---

[26] D.I. 58 at 10; D.I. 74 at 5-7.
[27] D.I. 58 at 1, 10-11; D.I. 74 at 6-7, 9.
[28] D.I. 74 at 2-3, 7.
[29] D.I. 58 at 11-12; D.I. 74 at 8-9.
[30] D.I. 58 at 12-13; D.I. 74 at 8-9.
[31] D.I. 60 at 2-4, 7-9.
[32] *Id.* at 4; *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).
[33] D.I. 60 at 6; *Winer Family Trust v. Queen*, C.A. No. 03-4318-JRP, 2004 WL 350181, at * 2 (E.D. Pa. Feb. 4, 2004).
[34] D.I. 60 at 6-8.

provide for document preservation.[35]

The Company observes that Haberkorn's arguments hinge upon case law distinguishable from the current matter.[36] It avers that his unsupported speculation that the third parties engage in routine document destruction and an assumed high risk of inadvertent loss of evidence are concerns that exist in every securities lawsuit and were considered by Congress when it enacted the PSLRA.[37] At best, the Company opines that the risk of inadvertent loss is only marginally increased during the automatic stay period, particularly since the merger was negotiated more than two years ago and one year has expired since the corrective disclosure.[38] As a result, the Company submits that Haberkorn's concerns may easily be met through document preservation letters to each third party, thereby providing notice of the litigation and requesting preservation of relevant evidence.[39] It further notes that no explanation has been provided as to why publicly available resources are inadequate to obtain the names and addresses of the third parties.[40] Thus, the necessity to lift the discovery stay is, at best, minimal.[41]

The Company further counters that Haberkorn has not sufficiently particularized his discovery requests and applies an improper analysis that particularization is contingent upon whether a request is made for preservation rather than production of documents.[42] It argues that an overly broad range of at least ten categories of

---

[35] *Id.* at 1-2.
[36] *Id.* at 7-8.
[37] *Id.* at 7.
[38] *Id.*
[39] *Id.*
[40] *Id.* at 2.
[41] *Id.* at 7-8.
[42] *Id.* at 9.

documents has been requested,[43] and that Haberkorn failed to provide his proposed interrogatory for evaluation.[44] It notes that the proposed preservation subpoenas substantially mimic typical document request subpoenas, thereby creating a high risk of inadvertent production of documents.[45]

The Company additionally maintains that the only two factors considered under the PSLRA for modification of the automatic discovery are spoliation and prejudice, and not underlying policy considerations or burdensomeness as Haberkorn argues.[46] It notes that contrary to Haberkorn's argument, significant resources will be committed by the third parties to search for the substantial documents requested.[47] Further, in light of the potential for inadvertent production, the Company reasons that the effect of this motion circumvents the PSLRA and allows discovery of possible claims not previously alleged in the complaint to avoid its motion to dismiss.[48]

Lastly, the Company avers that Rule 26(d) requires a stay of discovery until after Rule 26(f) case management conference, which has not occurred.[49] Conversely, Haberkorn replies that Rule 26 does not prevent the issuance of preservation subpoenas because Rule 26(f) specifically provides an exception for court orders.[50]

## III. STANDARD AND APPLICABLE LAW

Congress enacted the PSLRA to address perceived misuse of securities class

---

[43] *Id.*
[44] *Id.*
[45] *Id.* at 10.
[46] *Id.* at 9-10.
[47] *Id.* at 11.
[48] *Id.* at 10.
[49] *Id.* at 3, 11.
[50] D.I. 74 at 9-10.

7

actions and to protect all parties associated with the capital markets from abusive securities litigation practices.[51] The Act addresses improper discovery methods that may be employed by a plaintiff as "fishing expeditions"[52] for potential claims not alleged in the complaint and to coerce defendants into settlement.[53] Congress was specifically concerned that these actions were filed "in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint."[54] Thus, in order to reduce the cost and burdens of discovery and prevent abusive practices, such as filing frivolous law suits, the PSLRA permits discovery only after the court has determined the legal sufficiency of the complaint.[55] The PSLRA, however, provides a limited exception to the

---

[51] H.R. REP. NO. 104-369, at 31 (1995) (Conf. Rep.), *reprinted in* 1995 U.S.C.C.A.N. 730, 730. The abusive practices in which Congress was concerned included:
> (1) the routine filing of lawsuits against issuers of securities and others whenever there is a significant change in an issuer's stock price, without regard to any underlying culpability of the issuer, and with only faint hope that the discovery process might lead eventually to some plausible cause of action; (2) the targeting of deep pocket defendants, including accountants, underwriters, and individuals who may be covered by insurance, without regard to their actual culpability; (3) the abuse of the discovery process to impose costs so burdensome that it is often economical for the victimized party to settle; and (4) the manipulation by class action lawyers of the clients whom they purportedly represent.

*Id.*

[52] H.R. REP. NO. 104-369, at 37 (1995) (Conf. Rep.), *reprinted in* 1995 U.S.C.C.A.N. 730, 736. "[O]nce the suit is filed, the plaintiff's law firm proceeds to search through all of the company's documents and take endless depositions for the slightest positive comment which they can claim induced the plaintiff to invest and any shred of evidence that the company knew a downturn was coming." *Id.*

[53] *Id.*; *Friedman v. Quest Energy Partners LP*, Nos. CIV-08-936-M, CIV-08-968-M, 2009 WL 5065690, at * 2 (W.D. Okla. Dec. 15, 2009) (citing *In re Worldcom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002)).

[54] S. REP. NO. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693.

[55] *Id.; See also, In re Tyco Int'l, Ltd. Sec. Litig.*, No. 00MD1335, 2000 WL 33565414, at *1 (D.N.H July 27, 2000).

8

discovery stay. Only when "the court finds upon the motion of any party that *particularized* discovery is *necessary to preserve* evidence or *to prevent* undue prejudice to that party"[56] is the lifting of the stay justified. Modifying the mandatory stay requires a showing of exceptional circumstances,[57] that is, where it is necessary either to save evidence from imminent destruction or to prevent undue prejudice.[58] Only in those limited situations have courts permitted document preservation subpoenas to be served on third parties who possess relevant information.[59]

A preservation subpoena to a non-party may be issued "when the non-party does not have actual notice of the litigation or when the non-party is a corporate entity which typically destroys electronic information by 'performing routine backup procedures.'"[60] To meet the requirement of undue prejudice, the movant must specifically identify "improper or unfair treatment amounting to something less than irreparable harm."[61]

---

[56] 15 U.S.C. § 78u-4(b)(3)(B) (2010) (emphasis added).

[57] *In re Refco, Inc. Sec. Litig.*, C.A. No. 05-8626-GEL, 2006 WL 2337212, at * 1 (S.D.N.Y. Aug. 8, 2006); *In re Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig.*, 347 F. Supp. 2d 538, 540 (S.D. Ohio 2004); *Winer Family Trust v. Queen*, No. Civ. A. 03-4318-JRP, 2004 WL 350181, at * 1 (E.D. Pa. Feb. 4, 2004); *In re Tyco Int'l, Ltd., Sec. Litig.*, 2000 WL 33654141, at *9-10.

[58] 15 U.S.C. § 78u-4(b)(3)(B) (2010); *see Winer Family Trust*, 2004 WL 350181, at *2.

[59] *Koncelik v. Savient Pharm., Inc.*, C.A. No. 08-10262-GEL, 2009 WL 2448029, at * 4-5 (S.D.N.Y. Aug. 10, 2009)*; In re Refco*, 2006 WL 2337212, at * 5*; Payne v. Deluca*, C.A. No. 02-1927-WLS, 2005 U.S. Dist. LEXIS 35891, at *15-16 (W.D. Pa. Dec. 20, 2005)*; In re Nat'l Century*, 347 F. Supp. 2d at 540; *In re Tyco*, 2000 WL 33654141, at * 1; *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 684 (D. Md. 2000).

[60] *In re Nat'l Century*, 347 F. Supp. 2d at 542 (quoting *In re Tyco*, 2000 WL 33654141, at *3).

[61] *Friedman*, 2009 WL 5065690, at * 2; *In re Bank of Am. Corp. Sec. Litig., Derivative, & Employment Ret. Income Sec. Act (ERISA) Litig.*, C.A. No. 09 MDL 2058-DC, 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16. 2009); *Winer Family Trust*, 2004 WL 350181, at * 2.

9

Such prejudice could result if the defendant is "effectively shielded from liability in the absence of the request discovery."[62] The inherent delay in the PSLRA's discovery stay that compels "the plaintiff to wait until its complaint has been legally tested before it can conduct discovery is not *unduly* prejudicial."[63] The loss or destruction of evidence must be imminent, as opposed to being hypothetically possible or merely speculative.[64] A moving party must demonstrate "circumstances specific to his case," amassing to more than "conclusory allegations about being disadvantaged in relation to other parties" or "contingent possibilities of future prejudice[s]."[65]

For modification of the automatic stay, the PSLRA also requires that the discovery requested be "particularized." Discovery is sufficiently particularized when it is "'directed at specific persons and sufficiently limits the type of documents to be preserved."[66] The discovery request must "identify the '*specific types* of evidence that fall within its scope.'"[67] Preservation subpoenas are not particularized if they are overly broad or all-encompassing,[68] or request parties to preserve "'virtually every piece of

---

[62] *Friedman*, 2009 WL 5065690, at * 2; *see also In re Nat'l Century*, 347 F. Supp. 2d at 542; *In re Tyco*, 2000 WL 33654141, at *4.
[63] *Friedman*, 2009 WL 5065690, at * 2-3.
[64] *Linder v. Am. Express Co.,* C.A. No. 10-2228-JSR-JLC, 2010 WL 4537819, at * 2 (S.D.N.Y. Nov. 9, 2010); *Friedman*, 2009 WL 5065690, at * 3; *In re Colonial Bancgroup, Inc. Sec. Litig.*, C.A. No. 2:09cv104-MHT, 2009 WL 4585928, at * 2 (M.D. Ala. Dec. 2, 2009); *In re Refco, Inc. Sec. Litig.*, 2006 WL 2337212, at * 3 (S.D.N.Y. Aug. 8, 2006); *Winer Family Trust*, 2004 WL 350181, at * 2; *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla.2001).
[65] *Friedman*, 2009 WL 5065690, at * 3.
[66] *In re Nat'l Century*, 347 F. Supp. 2d at 541 (quoting *In re Tyco*, 2000 WL 33654141, at *4).
[67] *Id.* (emphasis added).
[68] *In re Carnegie*, 107 F. Supp. 2d at 684; *Mishkin v. Ageloff*, 220 B.R. 784, 793 (S.D.N.Y. 1998).

paper and every piece of information' regarding Defendants."⁶⁹  Particularization requires a "clearly defined universe of documents,"⁷⁰ and "[a] string of requests, even a string of individually particularized requests–is not sufficiently particularized at the outset."⁷¹  The necessity to prevent the destruction of evidence or undue prejudice by itself is not sufficient if the particularization requirement is not met.⁷²

## IV. DISCUSSION

### Rule 26

Rule 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), *or when authorized by these rules, by stipulation, or by court order.*"⁷³  Preservation subpoenas are court orders.

### Relief from the Mandatory PSLRA Stay of Discovery

*Necessary to Preserve Evidence or Prevent Undue Prejudice*

Haberkorn has demonstrated, and the Company does not dispute, that there is a

---

⁶⁹ *In re Cree, Inc. Sec. Litig.*, 220 F.R.D. 443, 447 (M.D.N.C. 2004) (quoting *In re Carnegie*, 107 F. Supp. 2d at 684).

⁷⁰ *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002) (finding that because plaintiff's request was limited to documents defendant previously produced to certain government entities in connection with other identified proceedings, the particularization requirement was met).

⁷¹ *Waldman v. Wachovia Corp.*, C.A. No. 08 Civ. 2913-SAS, 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009) (although determining that discovery requested was sufficiently particularized because it was limited to a document set already provided to state and federal regulators, the court found that such production could not be used "as a means to identify other materials that would be subject to further requests" and that "[a]llowing seriatim requests would undermine the purpose of the PLSRA."). *Id.*

⁷² *In re Bank of Am. Corp. Sec. Litig., Derivative, & Employment Ret. Income Sec. Act (ERISA) Litig.*, C.A. No. 09 MDL 2058-DC, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16. 2009)

⁷³ FED. R. CIV. P. 26(d)(1) (emphasis added).

substantial likelihood that the identified third parties possess relevant evidence because each was actively involved in the merger that gave rise to this litigation. As noted previously herein, these third parties mainly served as financial advisors, auditors or outside investigators to either the Company or China Water regarding the merger. None are under any legal obligation to preserve evidence relevant to the merger because the PSLRA only requires that litigants preserve documents.[74] No evidence has been presented that any of these entities are aware of the litigation. These third parties are free to dispose of documents, records and electronic information according to their internal policies.[75] Corporations and businesses employ various document retention policies.[76] In light of the passage of time since the merger, destruction of relevant evidence may occur through the third parties' document retention policies.

Sending preservation letters, contrary to the Company's suggestions, is distinct from serving preservation subpoenas because the latter imposes a legal obligation on

---

[74]
> In general [d]uring the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, *any party* to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i) (2010) (emphasis added).

[75] *Koncelik v. Savient Pharm., Inc.*, C.A. No. 08-10262-GEL, 2009 WL 2448029, at * 2 (S.D.N.Y.Aug. 10, 2009); *In re Grand Casinos Sec. Litig.*, 988 F. Supp. 1270, 1272 (D. Minn. 1997).

[76] *Koncelik*, 2009 WL 2448029, at * 2; *In re Nat'l Century Fin. Enter., Inc. Fin. Inv. Litig.*, 347 F. Supp. 2d at 542 (S.D. Ohio 2004*); In re Tyco Int'l, Ltd., Sec. Litig.*, 2000 WL 33654141, at *3*; In re Grand Casinos*, 988 F. Supp. at 1272.

third parties to take reasonable steps to preserve relevant documents.[77] Further, the court finds the Company's argument, that the third parties will inadvertently mistake a subpoena for preservation with a subpoena for production of documents, unpersuasive. All third parties identified are clearly sophisticated business entities, with sufficient knowledge, competence and business acumen to be retained by the Company or China Water to provide various services for the merger. To reduce any confusion, along with the preservation subpoena, Haberkorn intends to include a letter clearly explaining that no production is requested or required, and that the subpoena is limited to preserving certain documents.[78]

Certain cases relied upon by the parties which dealt with requests to obtain or preserve discovery evidenced clear bases for granting the motion to lift the stay.[79] Haberkorn, however, has not provided a rationale because he has not adequately shown that the interrogatory and preservation subpoenas are needed and that preservation letters are insufficient. Unlike the plaintiff in *In re Tyco*,[80] Haberkorn has produced no evidence, for example, that entities like the third-parties destroy electronic data by overwriting in the usual course of performing routine backup procedures, or

---

[77] *See Caston v. Hoaglin*, C.A. No. 2:08 CV-200-NMK, 2009 WL 1687927, at * 4 (S.D. Ohio June 12, 2009) (finding that "an informal conversation asking non-parties to preserve certain documents lacks the force of a subpoena.").

[78] Haberkorn failed to attach a copy of his proposed letter for review.

[79] *See, e.g., In re Bank of Am. Corp. Sec. Litig., Derivative, & Employment Ret. Income Sec. Act (ERISA) Litig.*, C.A. No. 09 MDL 2058-DC, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16. 2009) (document production allowed where "[d]iscovery [was] moving apace in parallel litigation."); *Winer Family Trust*, 2004 WL 350181, at * 5 (where a critical witness was diagnosed with terminal brain cancer and could not be deposed in the foreseeable future due to diminished physical and mental incapacities).

[80] *In re Tyco*, 2000 WL 33654141, at *3-4.

standard or typical retention policies.[81] He merely asserts that issuing preservation subpoenas is necessary because loss or destruction of evidence is possible due to routine corporate document destruction procedures.[82] Thus, the court cannot determine whether the risk of destruction of relevant evidence is imminent based on allegations of possible destruction.[83] Although confirmation of whether the third parties are aware of the current litigation has not been provided, preservation letters should furnish sufficient notice.

While loss or destruction of relevant documents may prejudice the present class action lawsuit because certain evidence is contained in documents prepared by the third parties, Haberkorn has not demonstrated that the prejudice is *undue*. Haberkorn has not shown that should his request to propound an interrogatory on the Company or to serve preservation subpoenas be denied, document destruction will occur or will unduly diminish his ability to maintain this action. His arguments are grounded on mere speculation of document destruction by the third parties and "conclusory allegations about being disadvantaged in relation to"[84] the third parties' burden of preserving relevant documents. Such "contingent possibilities of future prejudices does not

---

[81] *See Applied Telematics, Inc. v. Sprint Communications, Co., L.P.*, No. 94-4603, 1996 U.S.Dist. LEXIS 14053, at *5 (E.D. Pa. Sept. 17, 1996) (where evidence was presented that defendant's normal operating procedures was to back up the computer system weekly from the previous week and thus, all historical information was destroyed).
[82] D.I. 74 at 3.
[83] *In re Tyco Int'l,* 2000 WL 33654141, at *3; *In re Fluor Corp. Sec. Litig.*, C.A. No. 97-734-AHS-EEX, 1999 WL 817206, at * 3 (C.D. Cal. Jan. 15, 1999).
[84] *Friedman v. Quest Energy Partners LP*, Nos. CIV-08-936-VML, CIV-08-968-VML, 2009 WL 5065690, at * 3 (W.D. Okla. Dec. 15, 2009).

demonstrate that lifting the stay is necessary."[85] Furthermore, the type of prejudice that Haberkorn complains of, that is the delay in being able to conduct discovery, is inherent in any PSLRA discovery stay. Therefore, Haberkorn has not met the requirement of demonstrating necessity to preserve evidence or prevent undue prejudice.

### *Particularized Discovery*

Haberkorn has not provided the interrogatory he intends to propound on the Company. While that interrogatory may be specifically directed to the Company, the court cannot determine whether it is sufficiently particularized.

Each proposed preservation subpoena submitted for review is similar and is individually directed to each identified third party. The subpoenas, however, are too broad because they request that each third party preserve documents regarding practically every interaction that it had with the Company and China Water (and generally their predecessors, successors, subsidiaries, divisions and affiliates, any present and former officers, directors, partners employees, representatives or agents), the other defendants, the SEC, and certain third parties for the "relevant time period from January 1, 2008 through the date of production."[86] Contrary to Haberkorn's argument, the fact that preservation, rather than production, is requested does not make

---

[85] *Friedman,* 2009 WL 5065690, at * 3.
[86] D.I. 59 Ex. A-F. For example, each subpoena requests a named third party to preserve "[a]ll documents constituting or concerning any agreements, contracts, understandings, engagements, retention or other relationships between [the third party] and [the Company]." D.I. 59 Ex. A-F. Four of the subpoenas request the preservation of the same information concerning a named third party and China Water. D.I. 59 Ex. B-E. Further, the "Definitions and Instructions" section applicable to each request involves 24 separate descriptions or definitions.

the request sufficiently particularized.[87]

Haberkorn has not satisfied the PSLRA requirements of necessity or undue prejudice and particularity to warrant lifting the automatic stay. Therefore, in light of the findings herein, his motion to serve an interrogatory on the Company and preservation subpoenas on third parties (D.I. 57) is denied.

Date: February 28, 2010               /s/ Mary Pat Thynge
                                      UNITED STATES MAGISTRATE JUDGE

---

[87] *In re Tyco Int'l, Ltd., Sec. Litig.*, 2000 WL 33654141, at *4 n.3.