IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE HECKMANN CORPORATION : 
SECURITIES LITIGATION, : C.A. No 10-378-LPS-MPT
 :
 :
 : **CLASS ACTION**

**MEMORANDUM ORDER**

At Wilmington this 31st day of March, 2011, having considered the Report and Recommendation issued by Magistrate Judge Mary Pat Thynge on October 6, 2010 ("R&R") (D.I. 51) regarding the motion to transfer filed by Defendant Heckmann Corporation ("Heckmann") (D.I. 15),[1] Heckmann's objections thereto (D.I. 54), Lead Plaintiff Matthew Haberkorn's ("Plaintiff") response to the objections (D.I. 56), and applying a "clearly erroneous" or "contrary to law" standard of review pursuant to 28 U.S.C. § 636(b)(1)(A);

**IT IS HEREBY ORDERED** that the objections are overruled and the R&R is accepted and adopted for the reasons that follow:

1. <u>Standard of Review</u>. The Federal Magistrates Act gives magistrate judges the authority to consider both dispositive and non-dispositive pre-trial motions, subject to two different standards of review by a district judge. *See* 28 U.S.C. § 636; *see also Haines v. Liggett Group, Inc.*, 975 F.2d 81 (3d Cir. 1992). On non-dispositive motions, a district court judge reviews timely objections and may modify or set aside any part of the magistrate judge's determination it finds to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see*

---

[1] Judge Thygne recommended denial of Heckman's motion to transfer, finding that Heckmann "has neither established that litigating in Delaware poses a unique or unusual burden nor has it shown that the interests of justice require transfer to the Central District of California." (D.I. 51 at 14)

*also* Fed. R. Civ. P. 72(a). Motions to transfer venue are non-dispositive and, therefore, subject to this "clearly erroneous" or "contrary to law" standard of review. *Id.*

    2.    <u>Objections</u>. Heckmann lodges seven objections to Judge Thygne's R&R. Heckmann argues that Judge Thygne: (1) accorded excessive weight to the choice of Plaintiff Richard Gielata – who is not the lead plaintiff in this stockholder class action – to file the lawsuit in this forum; (2) erred in finding the "whether the claim arose elsewhere" factor was neutral, since she recognized the claim arose in California; (3) failed to consider two factors (that more weight is given to the convenience of defendants in securities cases and that senior executives of Heckmann are named defendants) that indicate the convenience of the parties favors transfer; (4) failed to acknowledge that the convenience of witnesses favored transfer, by allegedly requiring declarations of each witness and refusing to consider three allegedly unavailable witnesses; (5) failed to accord adequate weight to court congestion in this district; (6) erred in concluding that practical considerations did not support transfer, since certain Plaintiffs, witnesses, and documents are located in California; and (7) erred in giving equal weight to the local interests of California and Delaware. (D.I. 54) Most of Heckmann's objections are premised on distinguishing the transfer analysis for a securities class action from the analysis in other types of litigation. Plaintiff refutes all of Heckmann's objections. (D.I. 56)

In his response to the objections, Plaintiff notes that Heckmann is involved in two separate Delaware lawsuits. (*Id.* at 2, 6, 10) Subsequently, on February 16, 2011, Plaintiff submitted a letter to the Court, which included the scheduling order from a related case in the Delaware Court of Chancery involving Heckmann, to show that Heckmann and other Defendants in the instant action are actively litigating this other Delaware lawsuit, having gone so far as stipulating (in the other case) to a trial date here in Wilmington, Delaware in July 2011. (D.I. 79)

3. <u>Discussion</u>. Reviewing the R&R with respect to the objections filed and Plaintiff's letter submitted on February 16, 2011, the Court finds no clear error in the decision and determines that no portion of the R&R is contrary to law. It is evident that Judge Thygne thoroughly reviewed the record against the appropriate authority and positions of the parties, having completed an extensive application of the relevant factors pursuant to *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The Court finds Heckmann's objections unpersuasive and, accordingly, overrules all of them. Judge Thynge carefully considered the *Jumara* factors, accorded each appropriate weight, and made the recommendation based on her view of the balance as a whole. Accordingly, the R&R is adopted in full and Heckmann's motion to transfer (D.I. 15) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE