IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE HECKMANN CORPORATION
SECURITIES LITIGATION

Case No. 1:10-cv-00378-LPS-MPT

<u>CLASS ACTION</u>

**JOINT OPPOSITION TO MOTION FOR LEAVE TO**
**<u>SERVE PROCESS BY ALTERNATIVE MEANS</u>**

MORRIS NICHOLS ARSHT & TUNNELL LLP
Kenneth J. Nachbar (#2067)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200

CADWALADER, WICKERSHAM & TAFT LLP
Israel Dahan
One World Financial Center
New York, New York 10281-001
(212) 504-6000

Dated: August 26, 2011

# TABLE OF CONTENTS

                                                                                                                        **Page**

**TABLE OF AUTHORITIES** ................................................................................................................. ii

**INTRODUCTION** ..................................................................................................................................1

**STATEMENT OF FACTS** ....................................................................................................................2

**ARGUMENT** ..........................................................................................................................................2

**CONCLUSION** ......................................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

1st Tech., LLC v. Digital Gaming Solutions, S.A.,
   No. 4:08 CV 586, 2009 WL 879463 (E.D.Mo. Mar. 30, 2009)..................................................4

Ehrenfeld v. Salim a Bin Mahfouz,
   No. 04 Civ. 9641, 2005 WL 69769 (S.D.N.Y. Mar. 23, 2005) ..................................................4

FMAC Loan Receivables v. Dagra,
   228 F.R.D. 531 (E.D.Va. 2005) .................................................................................................4

Forum Fin. Group, LLC v. President, Fellows of Harvard College,
   199 F.R.D. 22 (D. Me. 2001) .....................................................................................................4

Knit With v. Knitting Fever, Inc.,
   No. 08-4221, 2010 WL 4977944 (E.D.Pa. Dec. 7, 2010)..........................................................5

Kuklachev v. Gelfman,
   2008 WL 5068860 (E.D.N.Y. Nov. 24, 2008)...........................................................................7

LG Electronics, Inc. v. ASKO Appliances, Inc.,
   No. 08-828, 2009 WL 1811098 (D.Del. June 23, 2009) ...........................................................5

Mullane v. Cent. Hanover Bank & Trust Co.,
   339 U.S. 306 (1950)...................................................................................................................3

Prediction Co. LLC v. Rejgarhia,
   No. 09 Civ. 7459, 2010 WL 1050307........................................................................................5

Progressive Southeastern Ins. Co. v. J& Transport,
   No. 1:11-cv-137, 2011 WL 2672565 (N.D.Ind. July 8, 2011) ..................................................4

Rio Props. v. Rio Int'l Interlink,
   284 F.3d 1007 (9th Cir. 2002) ...................................................................................................5

**OTHER AUTHORITIES**

265 F.R.D..........................................................................................................................................4

265 F.R.D 106, 115 (S.D.N.Y. 2010) ...............................................................................................3

Fed. R. Civ. P. 4(f)(3) ...............................................................................................................3, 4, 6

Rule 4(f)(3) of the Federal Rules of Civil Procedure ...................................................................1, 2

## TABLE OF AUTHORITIES (Continued)

**Page(s)**

**OTHER AUTHORITIES**

Rule 4(f) ............................................................................................................................. passim

Rule 41(a)(1)(ii) ...........................................................................................................................2

Non-parties Morris Nichols Arsht & Tunnell, LLP and Cadwalader Wickersham & Taft, LLP, respectfully submit this memorandum of law and the accompanying Declarations of Kenneth J. Nachbar, Esq., dated August 26, 2011 ("Nachbar Decl.") and the accompanying Declaration of Israel Dahan, Esq., dated August 26, 2011 ("Dahan Decl."), in joint opposition to Plaintiff's motion for leave to serve process by alternative means, dated August 15, 2011 [D.I. 90] (the "Motion").

## INTRODUCTION

This Court should deny Plaintiff's attempt to effectuate service of process on a named Defendant, Xu Hong Bin ("Mr. Xu"), through his *former* counsel. Although Messrs. Nachbar and Dahan did formerly represent Mr. Xu in a discrete lawsuit in the Court of Chancery of the State of Delaware, C.A. No. 4802-CC (the "Delaware Chancery Action"), the indisputable facts are that the Delaware Chancery Action was settled and dismissed with prejudice *over four months ago.* More significantly, neither Messrs. Nachbar and Dahan ("Chancery Counsel") nor any other attorneys at their respective firms are currently representing Mr. Xu in any matter, including this matter. Chancery Counsel has not even communicated with Mr. Xu since termination of the Delaware Chancery Action.[1] Accordingly, Plaintiff's Motion and request to make Mr. Xu's *former* counsel his agent for purpose of service of process is unfounded and does not comport with the due process considerations embodied under Rule 4(f)(3) of the Federal Rules of Civil Procedure.

---

[1] Mr. Nachbar has in fact never spoken directly with Mr. Xu even during the Delaware Chancery Action. See Nachbar Decl. ¶ 7.

## STATEMENT OF FACTS

In or about May 2009, Mr. Xu retained Chancery Counsel as his attorneys for a discrete dispute between him and Heckmann Corporation ("Heckmann"). On June 1, 2009, Mr. Xu commenced the Delaware Chancery Action within the filing of a verified complaint against Heckmann and certain of its directors. See Nachbar Decl. ¶¶ 2-3; Dahan Decl. ¶¶ 2-4.

On or about April 3, 2011, the parties to the Delaware Chancery Action reached a global resolution of all claims between them and entered into a settlement agreement containing mutual releases. On April 26, 2011, the parties to the Delaware Chancery Action stipulated and agreed, pursuant to Court of Chancery Rule 41(a)(1)(ii), that the Delaware Chancery Action itself and all claims asserted therein were dismissed with prejudice. See Nachbar Decl. ¶¶ 4-5; Dahan Decl. ¶¶ 5-6.

Since the termination of the Delaware Chancery Action, Chancery Counsel has not represented Mr. Xu in any matter. Chancery Counsel has not billed Mr. Xu for any legal services performed since that time because no such legal services have been undertaken. See Nachbar Decl. ¶ 6; Dahan Decl. ¶ 7. Chancery Counsel does not know Mr. Xu's present whereabouts and has not communicated with Mr. Xu since the termination of the Delaware Chancery Action. See Nachbar Decl. ¶ 7; Dahan Decl. ¶ 8.

## ARGUMENT

Simply stated, Chancery Counsel are not Mr. Xu's present counsel in this matter or any other matter. Indeed, in its Motion, Plaintiff acknowledges that it has already been informed by Chancery Counsel that their representation of Mr. Xu was terminated several months ago and that they are not authorized to accept service on his behalf. See Motion at 8, 13. Nevertheless, Plaintiff seeks leave to serve Mr. Xu through his former counsel under Rule 4(f)(3)

of the Federal Rules of Civil Procedure, which permits service of a foreign individual "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

A litigant's ability to effectuate service under Rule 4(f)(3), however, is not unbounded. Importantly,

> [e]ven if facially permitted by Rule 4(f)(3), the proposed means of service must also comport with constitutional notice of due process, which require notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D 106, 115 (S.D.N.Y. 2010) (citations and internal quotations omitted); Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The decision of whether to permit alternative service under Rule 4(f) is committed to the sound discretion of the court. Id. (citing RSM Prod. Corp. v. Fridman, No. 06 Civ. 11512, 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007).

In support of its Motion, Plaintiff notes that "[n]umerous courts have held that service of process upon a defendant's attorney comports with due process where the defendant has been in communication with the attorney." Motion at 12 (citations omitted). According to Plaintiff, Rule 4(f) due process concerns are satisfied so long as there is "regularity of contact between the attorney and defendant." Id. (quoting Rio Props. v. Rio Int'l Interlink, 284 F.3d 1007, 1017 (9th Cir. 2002)). While Plaintiff's recitation of the law may be correct with respect to alternate service on a defendant's then-present counsel with whom the defendant regularly communicates, the Plaintiff's contention that the law extends to *former counsel* who have *not* been in communication with a defendant for several months is demonstrably false. Indeed, the only case that Chancery Counsel was able to locate addressing the precise issue here – whether

service on a foreign defendant can be effected through service on his *former* counsel – squarely rejects such service, on facts almost identical to those presented in this case.

Indeed, courts consistently hold that Rule 4(f)(3) service should *not* be authorized on a foreign defendant's lawyer if there have not been adequate communications between the two. Madu, 265 F.R.D at 116 (denying motion for court appointed service where purported counsel did not know defendant's location); 1st Tech., LLC v. Digital Gaming Solutions, S.A., No. 4:08 CV 586, 2009 WL 879463, at *9 (E.D.Mo. Mar. 30, 2009); Progressive Southeastern Ins. Co. v. J& Transport, No. 1:11-cv-137, 2011 WL 2672565, at *3 (N.D.Ind. July 8, 2011) (denying service on defendant's alleged current counsel); compare FMAC Loan Receivables v. Dagra, 228 F.R.D. 531, 535-36 (E.D.Va. 2005) (authorizing service on present U.S. counsel but noting that defendant had been "in constant communications with his attorney"); Ehrenfeld v. Salim a Bin Mahfouz, No. 04 Civ. 9641, 2005 WL 69769, at *3 (S.D.N.Y. Mar. 23, 2005) (authorizing service on defendant's current counsel but noting that "attorneys must be in communication with Defendant in relation to the pending legal proceedings . . . and will know how to locate Defendant"); Forum Fin. Group, LLC v. President, Fellows of Harvard College, 199 F.R.D. 22, 25 (D. Me. 2001) (authorizing service on defendant's current counsel but noting that the attorney did not "assert that he is not in contact with Defendant"). Here, Chancery Counsel has not had any communications with Mr. Xu since the termination of the Delaware Chancery Action, which was over four months ago.

The Rule 4(f) due process requirement of regularity of communication between the defendant and subject counsel highlights the distinction between the propriety of effectuating alternative service on that defendant's then-present counsel, as opposed to that defendant's former attorney. The Plaintiff's Motion, seeking to encumber Mr. Xu's former attorneys with locating him and serving him, despite the fact that they presently have neither connection to nor

communications with him, is unduly burdensome, violative of due process, and should not be countenanced by this Court. Indeed, amongst the various decisions marshaled by Plaintiff in its Motion, *none* authorize Rule 4(f) alternative service on a defendant's *former* counsel. Rather, in the inapposite cases relied on by Plaintiff (see Motion at 11-14), Rule 4(f) service was authorized because the subject attorney was currently representing those defendants or indisputably in communication with them; neither of those circumstances are present here.

For example, in Rio Properties, the Ninth Circuit noted that service on that defendant's then-present attorney was appropriate "because he had been specifically consulted by [defendant] . . . knew of [defendant's] legal positions, and it seems clear he was in contact with [defendant]." 284 F.3d 1007, 1017 (9th Cit. 2002). In Prediction, that defendant's attorney at the time "acknowledged that he is in contact with [defendant] about this lawsuit." Prediction Co. LLC v. Rejgarhia, No. 09 Civ. 7459, 2010 WL 1050307, at **1-2 (S.D.N.Y. Mar. 22, 2010). In LG Electronics, this Court authorized service on counsel noting (a) the "regularity of contact" between the defendant and the subject counsel, (b) the fact that said counsel already represented other defendants in that lawsuit, and (c) had already appeared in that lawsuit on behalf of the subject defendant to contest the sufficiency of plaintiff's prior attempts at service. LG Electronics, Inc. v. ASKO Appliances, Inc., No. 08-828, 2009 WL 1811098, at *4 (D.Del. June 23, 2009). Finally in Knit With, the court authorized alternative service against attorneys who defendants had "engaged as counsel," who had "submitted multiple briefs and/or other filings on behalf of th[o]se two [d]efendnats" and who never attempted to deny the "apparent line of communication" between them and defendants. Knit With v. Knitting Fever, Inc., No. 08-4221, 2010 WL 4977944, at *5 (E.D.Pa. Dec. 7, 2010). These cases are clearly distinguishable.

As noted above, Chancery Counsel has neither represented nor communicated with Mr. Xu since the termination of the Delaware Chancery Action. Chancery Counsel are Mr.

Xu's *former* attorneys. Despite Plaintiff's attempts to muddle the distinction, former attorney-client relationships, as opposed to current attorney-client relationships, do not include the regularity of contact and communication that due process requires in order to warrant Rule 4(f) alternative service. The decision in 1st Technology, where Rule 4(f)(3) service was denied against former counsel, is illustrative of the distinction. There, on facts very similar to those posed here, the district court denied that plaintiff's Rule 4(f) application to serve defendant, SBG Global, through its former United States counsel. As in the present case, plaintiff was unsuccessful in serving a foreign defendant (SBG Global was located in Costa Rica), and sought instead to serve the defendant by serving process on a law firm that had represented it in another action. Former counsel objected, noting that they were no longer attorneys for SBG Global. Given that objection, the court denied that plaintiff's application, reasoning that Rule 4(f)(3) service on former counsel would not satisfy due process considerations. 1st Tech., 2009 WL 879463, at *9. As the court explained:

> In their letter to [plaintiff's counsel], [defendant's former counsel] clearly stated that they no longer represent SBG Global and were unwilling to accept service on behalf of SBG Global. According to their letter, a period of over four months separates the time between [plaintiff's] motion to serve SBG Global through [former counsel] and the cessation of their representation of SBG Global. There is no indication these lawyers maintain any contact with SBG Global, or are aware of its current location. As a result, effecting service on SBG's former counsel would not be reasonably calculated to apprise the company of this lawsuit and afford it an opportunity to present objections.

Id. (internal citations omitted).

For the same reasons that the 1st Technology Court refused to permit service through that defendant's former counsel, this Court should likewise refuse to permit this Plaintiff from effectuating service through Chancery Counsel. As in that case, Chancery Counsel sent

- 7 -

Plaintiff's counsel a letter clearly stating that they no longer represent Mr. Xu and could not accept service.  See Motion at 8.  As in that case, approximately four months passed between the cessation of the Delaware Chancery Action and the Plaintiff's Motion.  As in that case, Chancery Counsel have had no contact with Mr. Xu since the termination of the Delaware Chancery Action.  If anything, one would surmise that between the two cases, Rule 4(f) service on former counsel would have been *more* reasonably calculated in 1st Technology, considering that defendant was a company with a presumably fixed location, whereas in this case Mr. Xu is an individual who is a Chinese citizen with whereabouts unknown.

Finally, Plaintiff's conclusory allegations that "Xu has undoubtedly been in recent and regular contact" with Chancery Counsel should be disregarded.  As the Eastern District of New York noted in Kukachev, a plaintiff's "conclusory claims" do not satisfy the Rule 4(f) due process concerns.  Kuklachev v. Gelfman, 2008 WL 5068860, at *4 (E.D.N.Y. Nov. 24, 2008) (denying plaintiff's request for alternative service on an attorney who "does not represent" defendants).  Plaintiff has absolutely no basis to make any claims about recentness or frequency of Chancery Counsel' communications with Mr. Xu which, as stated above, have not occurred since the termination of the Delaware Chancery Action.

## **CONCLUSION**

For the foregoing reasons, Chancery Counsel respectfully submits that Plaintiff's Motion be denied in its entirety.

                */s/ Kenneth J. Nachbar*
                MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                Kenneth J. Nachbar (#2067)
                1201 N. Market Street
                P.O. Box 1347
                Wilmington, DE  19899-1347
                (302) 658-9200

                CADWALADER, WICKERSHAM & TAFT LLP
                Israel Dahan
                One World Financial Center
                New York, NY  10281
                (212) 504-6000

Dated:  Wilmington, Delaware
        August 26, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2011 the foregoing JOINT OPPOSITION TO MOTION FOR LEAVE TO SERVE PROCESS BY ALTERNATIVE MEANS was caused to be served via electronic filing upon the following counsel of record:

Sean M. Brennecke
Bouchard, Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

Daniel A. Dreisbach
Richards, Layton & Finger, PA
One Rodney Square, 920 N. King Street
Wilmington, DE 19801

Geoffrey Graham Grivner
Buchanan Ingersoll & Rooney P.C.
1105 N. Market Street, Suite 1900
Wilmington, DE 19801-1228

Norman M. Monhait
Rosenthal, Monhait & Goddess, P.A.
Mellon Bank Center, Suite 1401
919 Market Street
Wilmington, DE 19899-1070

Sharan Nirmul
Barroway Topaz Kessler Meltzer & Check LLP
280 King of Prussia Road
Radnor, PA 19087

Peter Bradford deLeeuw
Rosenthal, Monhait & Goddess, P.A.
Mellon Bank Center, Suite 1401
P.O. Box 1070
919 Market Street
Wilmington, DE 19899-1070

                                           */s/ Kenneth J. Nachbar*
                                             Kenneth J. Nachbar