IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: HECKMANN CORPORATION : 
SECURITIES LITIGATION : C.A. No. 10-378-LPS-MPT

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Mary Pat Thynge, during a teleconference on October 4, 2012 (*see* D.I. 177) ("Tr.") denied in an oral order (D.I. 175) ("Order") Defendants' Motion to Enter Proposed Briefing Schedule (D.I. 165);

WHEREAS, Defendants filed timely objections to the Order on October 18, 2012 (D.I. 181) ("Objections");

WHEREAS, Lead Plaintiff Matthew Haberkorn ("Plaintiff") responded to the Objections on November 1, 2012 (D.I. 194);

WHEREAS, the Court has reviewed Defendants' Objections and Plaintiff's response in order to determine whether the Order constitutes an abuse of discretion, *see Quantum Loyalty Sys. Inc. v. TPG Rewards Inc.*, 2012 WL 1134779, at *1 (D. Del. Apr. 4, 2012) (stating that "discretionary decisions are reviewed for abuse of discretion"); D.I. 181 at 5 (agreeing that applicable standard of review is abuse of discretion);

NOW THEREFORE, IT IS HEREBY ORDERED that the Objections are OVERRULED.

1. Defendants argue that Magistrate Judge Thynge abused her discretion by refusing to schedule for briefing or hearing their motion for partial summary judgment. They contend that their motion "presents a pure question of law, not requiring any discovery" for resolution.

1

(Objections at 1) They further argue that judicial efficiency would be promoted by resolution of their summary judgment motion, as it "would reduce the case from one in which Plaintiff is seeking to recover in excess of $500 million to one with well less than $100 million of exposure." (*Id.*) Defendants fault Judge Thynge for improperly assuming that Plaintiff would file a motion to stay summary judgment briefing pursuant to Federal Rule of Civil Procedure 56(d) and further presuming Plaintiff would obtain such a stay. (*Id.* at 3) Finally, Defendants assert that the scheduling order governing this case permitted them to file their motion for partial summary judgment and there was no good cause for Judge Thynge effectively to amend that order. (*Id.*)

2.   The Court disagrees with each of Defendants' contentions and finds no abuse of discretion. While Defendants may have a different view as to how to promote judicial efficiency in this case, that determination is left to the sound discretion of the Magistrate Judge, and here her decision not to permit early and serial summary judgment motions is entirely reasonable. Defendants cite no binding nor persuasive authority for their suggestion (*see* Objections at 6-8) that a judge lacks authority to determine when and how often to permit parties to file and brief case dispositive motions.

3.   While it is true that Judge Thynge was concerned that Plaintiffs would oppose Defendants' motion to enter a briefing schedule for their motion for partial summary judgment by seeking a stay of briefing (pursuant to Rule 56(d)) while they completed discovery (*see* Tr. at 63-65, 69), it is also true that Plaintiffs indicated they would likely seek such a stay (*see id.* at 69) and that such stays are "almost uniformly granted" (*id.* at 64). In any event, Judge Thynge's other (and primary) reason for denying Defendants' request – as she carefully explained: "I don't

2

intend to do serial summary judgment motions . . . because that's going to result in potentially serial objections to my reports and recommendations, which will then result in additional time and potential delay in this schedule, particularly with discovery" (*id.* at 63) – fully justified her discretionary decision.

4. Finally, Judge Thynge's ruling is consistent with the scheduling order, which expressly reserved to her the authority to enter (or not) a proposed briefing schedule for case-dispositive motions, if and when any such proposal was presented to her. (D.I. 140 ¶ 10) ("The parties will meet and confer regarding [case dispositive motion] briefing schedules and page limits for these motions prior to filing and ***will present proposals as to briefing schedules and page limits to the Court***.") (emphasis added) Moreover, to the extent the scheduling order required amendment in order to be made consistent with Judge Thynge's intent that there not be serial summary judgment motions (*see* Tr. at 63), there is certainly good cause for such an amendment. *See generally U.S. v. Pearson*, 2012 WL 3249460, at *1 (D. Del. Aug. 7, 2012) ("[T]he Court always retains discretion to modify the Scheduling Order.") (citing Fed. R. Civ. P. 6, 16).

January 16, 2013  
Wilmington, Delaware

                                               UNITED STATES DISTRICT JUDGE