## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE HECKMANN CORPORATION
SECURITIES LITIGATION

Case No. 1:10-cv-00378-LPS-MPT

### ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, on March 4, 2014, Lead Plaintiff Matthew Haberkorn and proposed Settlement Class Representative Ronald C. Sullivan (together, the "Plaintiffs") on behalf of themselves and the Settlement Class (as herein defined), and Defendants Heckmann Corp., now known as Nuverra Environmental Solutions, Inc. (the "Company" or "Heckmann"), Richard Heckmann ("Dick Heckmann"), Donald G. Ezzell, Lou L. Holtz, Alfred E. Osborne, Jr., James Danforth Quayle and China Water & Drinks, Inc. ("China Water") (collectively, the "Settling Defendants" and, together with the Plaintiffs, the "Settling Parties") in the above-captioned class action (the "Litigation"), by and through their respective counsel, entered into a Stipulation of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement (the "Settlement") of the claims alleged in the Amended Class Action Complaint filed by Lead Plaintiff on October 8, 2010 (the "Amended Complaint"); and

WHEREAS, upon consent of the Settling Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1. The Court, for purposes of this order (the "Notice Order"), adopts all defined terms as set forth in the Stipulation.

1

2.      The Court hereby certifies, for purposes of effectuating this Settlement only, a class pursuant to FED. R. CIV. P. 23 consisting of all Persons  who, (i) as to claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), held Heckmann common stock as of September 15, 2008, and were entitled to vote on the merger between Heckmann and China Water, and were damaged thereby; and (ii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, purchased or otherwise acquired Heckmann common stock during the period from May 20, 2008 through May 8, 2009, inclusive, excluding shares of Heckmann common stock acquired by exchanging stock of China Water for Heckmann stock through the merger between the two companies consummated on October 30, 2008, and were damaged thereby; and (iii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, purchased or otherwise acquired Heckmann warrants from May 20, 2008 through May 8, 2009, inclusive, and were damaged thereby (the "Settlement Class").   Excluded from the Settlement Class are Defendants, present or former executive officers of Heckmann and China Water, present or former members of Heckmann's and China Water's Board of Directors and the immediate family members (as defined in 17 C.F.R. § 229.404, Instructions) of the foregoing excluded individuals.   Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Litigation Expenses, and Final Approval Hearing (the "Notice").

3.      Pursuant to FED. R. CIV. P. 23 and for purposes of settlement only, Lead Plaintiff Matthew Haberkorn and proposed Settlement Class Representative Ronald C. Sullivan are appointed as Settlement Class Representatives and Co-Lead Counsel, Kessler Topaz Meltzer & Check, LLP and Rosenthal Monhait & Goddess, PA, are appointed as Class Counsel.

2

4.     For purposes of a settlement class only, this Court expressly finds and concludes that the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) are satisfied as: the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; there are questions of law and fact common to the Settlement Class which predominate over any individual questions; the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; the Settlement Class Representatives and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions, the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

5.     Co-Lead Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6.     The Court hereby preliminarily approves:  (i) the Settlement as set forth in the Stipulation, (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Litigation based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with

this Order, and (iii) the voluntary dismissal with prejudice of the sole remaining defendant Xu Hong Bin ("Defendant Xu").

7.      Co-Lead Counsel are hereby authorized to retain Heffler Claims Group ("Heffler") as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures. The Settling Parties and their counsel shall not be liable for any act or omission of the Claims Administrator.

8.      Heffler or the Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

9.      Pursuant to FED. R. CIV. P. 23(e), a hearing (the "Final Approval Hearing") shall be held on June 26, 2014, at 9:30 a.m., in the United States District Court for the District of Delaware, the Honorable Mary Pat Thynge presiding, for the following purposes:

a.      to determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class;

b.      to determine whether (1) the terms and conditions of the proposed issuance of the Settlement Shares as part of the Settlement Amount are fair to all those who will receive Settlement Shares in the proposed exchange; and (2) the terms and conditions of, and the procedures for, the proposed issuance of the Settlement Shares are fair, both substantively and procedurally, to those to whom the Settlement Shares will be issued;

c.      to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

4

           d.     to determine whether the Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Litigation against the Settling Defendants and the Dismissed Defendant with prejudice and extinguishing and releasing all Released Claims (as defined in the Stipulation);

           e.     to consider Co-Lead Counsel's application for an award of attorneys' fees and the reimbursement of Litigation Expenses (including Lead Plaintiff's application for reimbursement of costs and expenses (including lost wages) in connection with his representation of the Settlement Class);

           f.     to rule upon the Settlement Class Representatives' request to voluntarily dismiss Defendant Xu; and

           g.     to rule on such other matters as the Court may deem appropriate.

        10.     The Released Persons shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Co-Lead Counsel's application for an award of attorneys' fees and expenses, or with respect to Lead Plaintiff's application for reimbursement of costs and expenses (including lost wages) in connection with his representation of the Settlement Class. The Plan of Allocation, Co-Lead Counsel's application for an award of attorneys' fees and expenses, and Lead Plaintiff's application for reimbursement of costs and expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Final Approval Hearing, the Court will determine whether the proposed Plan of Allocation should be approved, the amount of attorneys' fees and Litigation Expenses to be awarded to Co-Lead Counsel, and Lead Plaintiff's application for reimbursement of reasonable costs and expenses. Any appeal from any orders relating to the Plan of Allocation, Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or Lead Plaintiff's application for reimbursement of reasonable costs and expenses, or reversal or modification of

any order(s) thereon, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

11.     The Court reserves the right to adjourn the Final Approval Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and reimbursement of Litigation Expenses or to change the location thereof, without further notice of any kind to Settlement Class Members.

12.     The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modification as may be consented to by the Settling Parties and without further notice to the Settlement Class.

13.     The Claims Administrator shall make reasonable efforts to identify all Persons who are members of the Settlement Class, including beneficial owners whose Heckmann common stock or warrants are held by banks, brokerage firms, or other nominees. Pursuant to the Stipulation, Heckmann is to provide to the Claims Administrator, without any charge to the Settlement Class Representatives or the Settlement Class, its shareholder and warrant lists, as Heckmann or its transfer agent may possess, as appropriate for providing notice to the Settlement Class, in a format designated by the Claims Administrator for mailings, within seven (7) calendar days following the execution of the Stipulation.

14.     Within thirty (30) calendar days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached hereto as Exhibits A-1 and A-2, to be mailed by first class mail, postage pre-paid, to all identifiable members of the Settlement Class, at their last known address appearing in the transfer records maintained by or on behalf of Heckmann (the "Notice Date").

6

15.     Pursuant to the Notice, each nominee receiving the Notice shall either: (i) send the Notice and Proof of Claim to Settlement Class Members for which they act as nominee by first class mail within ten (10) calendar days after the nominee receives the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Settlement Class Members who are on the list received from the nominee.     The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Co-Lead Counsel shall file with the Court and serve upon counsel for the Settling Defendants no later than seven (7) calendar days prior to the Final Approval Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

16.     Within ten (10) calendar days of the Notice Date, the Claims Administrator shall publish the Summary Notice, substantially in the form attached hereto as Exhibit A-3, once in *Investor's Business Daily* and once over *PR Newswire*. Co-Lead Counsel shall file with the Court and serve upon counsel for the Settling Defendants no later than seven (7) calendar days prior to the Final Approval Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

17.     Within ten (10) days after the submission of the Stipulation to the Court, the Settling Defendants shall have served CAFA Notice on the State and Federal officials as required by 28 U.S.C. Section 1715(b). Not later than thirty-five (35) calendar days before the Final

Approval Hearing, the Settling Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

18.    The form and content of the Notice, the Proof of Claim, and the Summary Notice, substantially in the forms attached hereto as Exhibits A-1, A-2, and A-3, respectively, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

19.    The Court recognizes and acknowledges that a determination of fairness at the Final Approval Hearing will include the findings necessary to exempt the distribution of common stock by Nuverra from registration pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. Section 77(c)(a)(10), and that the Settlement Shares will be transferred into an account controlled by the Escrow Agent upon final approval of the Settlement by this Court, without registration and compliance with the prospectus delivery requirements of the securities laws.

20.    Any member of the Settlement Class who wishes to object to the Settlement must, at least twenty-one (21) calendar days prior to the Final Approval Hearing, file with the Court and serve on counsel (listed below) a written statement of objection to the Settlement, the Plan of Allocation, the application for attorneys' fees and reimbursement of Litigation Expenses, and/or the application for reimbursement of costs and expenses (including lost wages) to Lead Plaintiff. Any member of the Settlement Class who timely objects to the Settlement, the Plan of

8

Allocation, the application for attorneys' fees and reimbursement of Litigation Expenses, and/or the application for reimbursement of costs and expenses (including lost wages) to the Lead Plaintiff, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Final Approval Hearing and present evidence or argument that may be proper or relevant; *provided, however*, that no Person other than the Settling Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court, unless within twenty-one (21) calendar days prior to the Final Approval Hearing, such Person files with the Court and serves upon counsel listed below: (1) a statement of such Person's objections to any matters before the Court concerning this Settlement; (2) the grounds therefor or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider; (3) whether that Person intends to present any witnesses; and (4) proof of the Person's membership in the Settlement Class, which proof shall include the Person's purchase(s)/acquisition(s) of Heckmann common stock or warrants during the Settlement Class Period or holdings of Heckmann common stock as of September 15, 2008 reflecting that such shares were held through October 30, 2008, and any sales thereof, including the dates, the number of shares or warrants and the price(s) paid and received for each such purchase, acquisition and sale. Such filings shall be served upon the Court and the following counsel:

***Designated Co-Lead Counsel for the Settlement Class Representatives and the Settlement Class:***
Sharan Nirmul, Esq.
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19087

***Designated Counsel for Settling Defendants***:
Koji F. Fukumura, Esq.
**COOLEY, LLP**

4401 Eastgate Mall
San Diego, California 92121-1909

21.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") at least twenty-one (21) calendar days prior to the date of the Final Approval Hearing. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchase(s)/acquisition(s) of Heckmann common stock or warrants during the Settlement Class Period and any sales thereof, including the dates, the number of shares or warrants and price(s) paid and received for each such purchase, acquisition and sale; (3) the Person's holdings of Heckmann common stock as of September 15, 2008 and October 30, 2008, and (4) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation and shall not share in the distribution of the Net Settlement Fund.

22.     Any Settlement Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be extended further by Court order. A Proof of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by

10

the claimant of all Released Persons as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct.  As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the effectuation of the Settlement reflected in the Stipulation) agree and enter into the release as provided in the Stipulation.  All Settlement Class Members who do not submit a valid and timely Proof of Claim shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Proof of Claim, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as provided herein.

23.    If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be rendered null and void and vacated *nunc pro tunc*, and be of no further force and effect except as set forth in the Stipulation.

24.    All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, the Settlement Class Representatives and all members of the Settlement Class, regardless of whether or not any such Settlement Class Representative has appeared in the Litigation, are barred and enjoined from commencing, prosecuting, continuing, or asserting any

11

action, whether directly, representatively or in any other capacity, with regards to any of the Released Claims against the Released Persons, as defined in the Stipulation.

25.     The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26.     The Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings in connection therewith shall not be:

(a)     offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by the Settlement Class Representatives or Settlement Class Members or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b)     offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against the Settlement Class Representative and each Settlement Class Member as evidence of any infirmity in the claims of the Settlement Class Representatives and the Settlement Class;

(c)     offered or received against any Defendant, the Settlement Class Representatives, any member of the Settlement Class, or any other Person as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any

other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the release granted them hereunder;

(d)     construed against the Defendants, the Settlement Class Representatives, or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

27.     All motions and papers in support of the Settlement and Plan of Allocation, any application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and any application by the Lead Plaintiff for reimbursement of costs and expenses (including lost wages) in connection with his representation of the Settlement Class, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Final Approval Hearing, and all reply briefs in support of said motions shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

28.     The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.

29.     The Court further retains jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

30.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No Person that is not a Settlement Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

13

31.     The Court may, for good cause, extend any of the deadlines set forth in this Order

without further notice to Settlement Class Members.

SIGNED this 21st day of March 2014.

THE HONORABLE MARY PAT THYNGE
UNITED STATES MAGISTRATE JUDGE

14

**Exhibit A-1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE HECKMANN CORPORATION SECURITIES LITIGATION | Case No. 1:10-cv-00378-LPS-MPT |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES, AND FINAL APPROVAL HEARING

*IF YOU PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OR WARRANTS OF HECKMANN CORPORATION (N/K/A NUVERRA ENVIRONMENTAL SOLUTIONS, INC.) ("HECKMANN") DURING THE PERIOD FROM MAY 20, 2008 THROUGH MAY 8, 2009, INCLUSIVE[1] OR YOU HELD HECKMANN COMMON STOCK AS OF SEPTEMBER 15, 2008, AND WERE ENTITLED TO VOTE ON THE MERGER BETWEEN HECKMANN AND CHINA WATER & DRINKS, INC. (THE "MERGER"), AND WERE DAMAGED THEREBY, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

### *A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

**Securities Involved and Time Period of Potential Eligibility:**  (i) Heckmann common stock or warrants purchased or otherwise acquired during the period from May 20, 2008 through May 8, 2009, inclusive (the "Settlement Class Period") and (ii) Heckmann common stock owned as of September 15, 2008, the record date for the Merger (the "Record Date") which was held through the shareholder vote on October 30, 2008 (the "Approval Date").  The Settlement does not include shares of Heckmann stock received in exchange for shares of China Water stock in connection with the Merger.

**Settlement Amount:**  The Settlement provides for the combined payment of at least $27 million and is comprised of the following two components:  (i) $13.5 million in cash (the "Settlement Cash") and (ii) the greater of 847,990 shares of Nuverra Environmental Solutions, Inc. ("Nuverra") common stock or the number of shares of Nuverra common stock that equals $13.5 million in value as of the date preceding the final settlement hearing (the "Settlement Shares").  The Settlement Cash, Settlement Shares and any interest earned thereon shall be collectively referred to herein as the "Settlement Fund."  *See* Question 8 below for more details.

**The Lawsuit:**  The Settlement resolves class action litigation over allegations as to whether, during the relevant period, Defendants violated the federal securities laws by obtaining shareholder approval of the Merger by means of the Proxy and other proxy solicitations that

---

[1] Shares of Heckmann common stock acquired by exchanging stock of China Water & Drinks, Inc. ("China Water") for Heckmann stock through the Merger between the two companies consummated on October 30, 2008 are excluded from this definition.

misrepresented China Water's operations, assets, and financial results, and omitted material information regarding known fraudulent conduct at China Water. Defendants also are alleged to have made materially false and misleading statements and omitted material facts about China Water and the Merger throughout the Settlement Class Period in order to deceive the investing public in violation of the federal securities laws. *See* Question 2 below for more information.

**Statement of Recovery and Estimated Average Recovery:** Plaintiffs' damages expert estimates that approximately 57.2 million shares of Heckmann common stock were purchased or otherwise acquired during the Settlement Class Period and potentially damaged pursuant to Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"). Plaintiffs' damages expert also estimates that approximately 48.1 million shares of Heckmann common stock were owned as of the Record Date and held through the Approval Date and potentially damaged pursuant to Section 14(a) of the Exchange Act. In addition, Plaintiffs' damages expert estimates that approximately 32.9 million Heckmann warrants were purchased or otherwise acquired during the Settlement Class Period and potentially damaged pursuant to Section 10(b) of the Exchange Act. If valid claim forms for all potentially damaged shares of Heckmann common stock and warrants are submitted, the estimated average recovery per damaged share of Heckmann common stock will be approximately $0.24 and the estimated average recovery per damaged Heckman warrant will be approximately $0.06, both figures before deducting attorneys' fees, costs, and expenses as approved by the Court. **Please Note: These averages are only estimates, and are before deduction of court-approved fees and expenses**.

A Settlement Class Member's actual recovery will depend on: (1) the number of claims filed; (2) when Settlement Class Members purchased/acquired their Heckmann common stock or warrants; (3) whether Settlement Class Members owned Heckmann common stock as of the Record Date and held those shares through the Approval Date; (4) whether Settlement Class Members sold their Heckmann common stock or warrants and, if so, when; (5) the ultimate value of the Settlement Shares at the time of their distribution; (6) administrative costs, including the costs of notice, for the action; and (7) the amount awarded by the Court for attorneys' fees and expenses (inclusive of any reimbursement of costs and expenses awarded to Lead Plaintiff in connection with his representation of the Settlement Class). Distributions to Settlement Class Members will be made based on the proposed plan of allocation ("Plan of Allocation") set forth in this Notice or other plan of allocation as may be ordered by the Court. *See* Plan of Allocation set forth in Question 9 below.

**Attorneys' Fees and Expenses:** Co-Lead Counsel have litigated the claims asserted in this case on an entirely contingent basis and have conducted this litigation and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation. Court-appointed Co-Lead Counsel will apply to the Court for attorneys' fees not to exceed one-third of the Settlement Amount, in equal parts Settlement Cash and Settlement Shares, an amount which is substantially less than Co-Lead Counsel's aggregate lodestar, a figure calculated by multiplying the hours expended to date on the Litigation by Co-Lead Counsel for each attorney and professional by their hourly rates. Co-Lead Counsel are also seeking reimbursement of out-of-pocket expenses in an amount not to exceed $1.5 million, plus interest earned on both the fees and expenses at the same rate earned on the Settlement Fund, all to be paid from the Settlement Fund. The maximum expense

figure set forth above includes an estimate for reimbursement from the Settlement Fund for costs and expenses (including lost wages) incurred by the Lead Plaintiff in connection with his representation of the Settlement Class, in an amount not to exceed $60,000. If the above amounts are requested and approved by the Court, the average cost per damaged share of Heckmann common stock will be approximately $0.09 and the average cost per damaged Heckmann warrant will be approximately $0.02. **Please note that these amounts are only estimates.**

**Deadlines:**

| | |
|---|---|
| Submit Claim: | August 18, 2014 |
| Request Exclusion: | June 5, 2014 |
| File Objection: | June 5, 2014 |
| Court Hearing on Fairness of Settlement: | June 26, 2014 |

**More Information**:

Claims Administrator:

*In re Heckmann Corporation*
*Securities Litigation*
c/o Heffler Claims Group
P.O. Box # 60254
Philadelphia, PA 19102-0254
877-852-8870

Co-Lead Counsel:

Sharan Nirmul, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
610-667-7706
snirmul@ktmc.com

P. Bradford deLeeuw, Esq.
Rosenthal, Monhait & Goddess, P.A.
919 North Market Street, Suite 1401
Citizens Bank Center
Wilmington, DE 19801
302-656-4433
bdeleeuw@rmgglaw.com

**If you are a Settlement Class Member, your legal rights will be affected whether you act or do not act. Please read this Notice carefully.**

## The Circumstances of the Settlement

The principle reason for the Settlement Class Representatives' consent to the Settlement is to provide an immediate benefit to the Settlement Class in a case which is based primarily upon a novel theory of damages under Section 14(a) of the Securities Exchange Act of 1934. This Settlement provides a further benefit to the Settlement Class in that it provides a global resolution of all claims against all defendants involved in the Litigation.

While Co-Lead Counsel believe that the Settlement Class Representatives' claims would survive a motion for summary judgment and ultimately result in a verdict for the Settlement Class, they also recognize that continued litigation and trial come with risks. The benefit of the present Settlement must be compared to the risk that no recovery might be achieved after

contested motions, a contested trial and likely appeals, possibly years into the future. The claims advanced by the Settlement Class in this Litigation involve numerous complex legal and factual issues, which would require additional discovery, including extensive expert discovery and testimony, adding considerably to the expense and duration of the Litigation. If the Litigation were to proceed, the Settlement Class Representatives would have to overcome significant defenses asserted by multiple defendants. Among other things, the Settling Parties disagree about (i) whether the Settlement Class Representatives or the Settlement Class have suffered damages, (ii) whether the price of Heckmann common stock or warrants was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise, (iii) whether the Merger was a Qualifying Business Combination that entitled Defendants to utilize the IPO Escrow Fund, and (iv) whether the Settlement Class Representatives or the Settlement Class were harmed by the conduct alleged in the Amended Class Action Complaint filed on October 8, 2010 (the "Amended Complaint"). Even after an extensive investigation and substantial discovery, questions remain regarding the extent of Defendants' liability and the extent to which a jury might find them liable, if at all. This Settlement therefore enables the Settlement Class to recover without incurring any additional risk or costs. As a result, the Settlement Class Representatives and Co-Lead Counsel believe the Settlement is a fair, reasonable, and adequate recovery for the Settlement Class.

The Settling Defendants[2] expressly have denied and continue to deny all assertions of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. The Settling Defendants also continue to believe that the claims asserted against them in the Litigation are without merit. Nonetheless, the Settling Defendants have agreed to enter into the Settlement, as embodied in the Stipulation of Settlement dated March 4, 2014 (the "Stipulation"), solely to avoid the expense, distraction, time and uncertainty associated with continuing the Litigation.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**SUBMIT A CLAIM FORM** ……....The only way to receive a payment from the Settlement Fund. **The deadline for submitting a claim form is August 18, 2014.**

**EXCLUDE YOURSELF**………….Receive no payment from the Settlement Fund. This is the only option that *potentially* allows you to participate in another lawsuit against the Settling Defendants or any of the other Released Persons concerning the Released Claims as defined in the Stipulation. **The deadline for submitting a request to exclude yourself from the Settlement Class is June 5, 2014.**

---

[2] The Settling Defendants are: Heckmann (n/k/a Nuverra Environmental Solutions, Inc.), Richard Heckmann, the principal founder of the Company, Donald G. Ezzell, Heckmann's General Counsel and Senior Vice President, Lou L. Holtz, Alfred E. Osborne, Jr., James Danforth Quayle, each of whom served as outside directors of Heckmann's Board of Directors, and China Water.

**OBJECT**................................You may write to the Court if you do not like this Settlement, the Plan of Allocation, Co-Lead Counsel's request for attorneys' fees and expenses, or Lead Plaintiff's request for reimbursement of his costs and expenses in connection with his representation of the Settlement Class. **The deadline for filing an objection is June 5, 2014.**

**GO TO A HEARING**...............You may ask to speak in Court about the fairness of the Settlement.

**DO NOTHING**.........................Receive no payment from the Settlement Fund and give up your rights with regard to the claims in this lawsuit.

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice. Please note the date of the Final Approval Hearing – currently scheduled for June 26, 2014 – is subject to change without further notice. If you plan to attend the hearing, you should check with Co-Lead Counsel as set forth above, or with the Court, to be sure that no change to the date and time of the hearing has been made.

- The Court in charge of this Litigation still has to decide whether to approve the Settlement. Payments will be made to Settlement Class Members if the Court approves the Settlement and that approval is upheld after any appeals are filed. Please be patient.

**BASIC INFORMATION**                                                          **PAGE**

1.  Why did I receive this Notice package? ...........................................................

2.  What is this lawsuit about? ..............................................................................

3.  Why is this action a class action?....................................................................

4.  Why is there a settlement? ...............................................................................

5.  How do I know if I am part of the Settlement?................................................

6.  What are the exceptions to being included? ...................................................

7.  I am still not sure if I am included...................................................................

8.  What does the Settlement provide?..................................................................

9.  How much will my payment be?........................................................................
    Plan of Allocation of Net Settlement Fund Among Settlement Class Members ......

10. How will I receive a payment?..........................................................................

11. When will I receive my payment? ....................................................................

12. Why is Defendant Xu being voluntarily dismissed from the Litigation?

13. What am I giving up by staying in the Settlement Class?.............................

14. How do I exclude myself from the Settlement Class?....................................

15. If I do not exclude myself, can I sue the Defendants for the same thing later? .............

16. If I exclude myself, can I receive a payment from this Settlement?...................................

17. Do I have a lawyer in this case? ......................................................................

18. How will the lawyers be paid? .........................................................................

**19. How do I tell the Court that I do not like the Settlement?**..............................................

**20. What is the difference between objecting and excluding?**................................................

**21. When and where will the Court decide whether to approve the Settlement?**................

**22. Do I have to come to the Settlement Hearing?**..................................................................

**23. May I speak at the Settlement Hearing?**...........................................................................

**24. What happens if I do nothing at all?**.................................................................................

**25. Are there more details about the Settlement?**..................................................................

**Special Notice to Securities Brokers and other Nominees**....................................................

## BASIC INFORMATION

### 1. Why Did I Receive This Notice Package?

You or someone in your family may have purchased or otherwise acquired Heckmann common stock or warrants during the Settlement Class Period (*i.e.*, May 20, 2008 through May 8, 2009, inclusive) or owned Heckmann common stock as of September 15, 2008, which would have entitled you or someone in your family to vote on the merger between Heckmann and China Water, so long as such shares were held until the October 30, 2008 Approval Date.

If this description applies to you or someone in your family, you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments to eligible Settlement Class Members that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

### 2. What Is This Lawsuit About?

On October 8, 2010, Lead Plaintiff filed the Amended Complaint alleging that Defendants violated the federal securities laws by obtaining shareholder approval of the Merger by means of the Proxy and other proxy solicitations that misrepresented China Water's operations, assets, and financial results, and omitted material information regarding known fraudulent conduct at China Water. The Amended Complaint also alleged that Defendants made materially false and misleading statements and omitted material facts about China Water and the Merger throughout the period May 20, 2008 through May 8, 2009, inclusive. The Amended Complaint was served upon all Defendants other than Defendant Xu Hong Bin, who could not be located and who has never appeared in this lawsuit.

The remaining Defendants moved to dismiss the Amended Complaint on December 10, 2010. Lead Plaintiff opposed Defendants' motions to dismiss on January 28, 2011, and Defendants filed a reply in support of their motions on February 18, 2011. By Report and Recommendation dated June 16, 2011, the Magistrate Judge appointed by the Court denied Defendants' motions in their entirety. On July 5, 2011, Defendants filed objections to the June 16, 2011 Report and Recommendation denying their motions to dismiss, and Lead Plaintiff filed

a response to Defendants' objections on July 19, 2011. By Memorandum Order dated May 25, 2012, the District Court overruled Defendants' objections to the Magistrate Judge's June 16, 2011 Report and Recommendation denying Defendants' motions to dismiss. On July 9, 2012, Defendants answered the Amended Complaint denying all claims and asserting a number of defenses to liability. Thereafter, the parties commenced discovery.

On October 19, 2012, the Settlement Class Representatives filed a motion for class certification. After class certification discovery and a full round of briefing, on June 6, 2013, the Magistrate Judge issued a Report and Recommendation recommending, among other things, that Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel should be granted. Defendants objected to the June 6, 2013 Report and Recommendation and the District Court had yet to rule upon these objections as of the date the Settlement was reached.

Fact discovery commenced on June 25, 2012 and concluded on September 3, 2013. During the course of fact discovery, Co-Lead Counsel, on behalf of the Settlement Class Representatives, engaged in extensive motion practice, conducted and/or defended seventeen depositions (over nineteen deposition days) and reviewed and analyzed over 1.9 million pages of documents produced by Defendants and third parties. Expert discovery commenced at the conclusion of fact discovery and opening expert reports were exchanged on November 22, 2013, in the areas of damages and loss causation, materiality of accounting misstatements in Heckmann's disclosures, and the adequacy of Heckmann's due diligence into the China Water merger.

After several failed attempts to resolve the Litigation, including in person sessions and mediation presentations in April 2013 overseen by Hon. Layn Phillips, United States District Judge for the Western District of Oklahoma (Ret.), and as expert discovery was ongoing, the Settling Parties made one final push to reach a resolution. On January 6, 2014, the Settling Parties each agreed to a mediator's proposal presented by Judge Phillips to reach an agreement in principle which is embodied in this Stipulation.

### 3.    Why Is This Action a Class Action?

In a class action, one or more individuals and/or entities called class representatives (in this case the court-appointed Lead Plaintiff, Matthew Haberkorn and proposed Settlement Class Representative, Ronald C. Sullivan) prosecute their claims on behalf of individuals and entities who have similar claims. All of these individuals and entities who have similar claims are referred to collectively as a class, or individually as class members. One court resolves the issues for all class members, except for those who exclude themselves from the class. The United States District Court for the District of Delaware, the Honorable Leonard P. Stark, is in charge of this Litigation. The Settling Parties have consented to Judge Stark assigning the approval of the Settlement to Magistrate Judge Mary Pat Thynge, the Magistrate Judge who has issued the initial reports and recommendations for all motions in the Litigation.

### 4.    Why Is There a Settlement?

In order to avoid the cost and risks of further litigation and trial, both sides agreed to a settlement. As explained above, the Settlement Class Representatives and Co-Lead Counsel believe the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you are eligible to potentially receive a payment from this Settlement, you first have to determine if you are a Settlement Class Member.

### 5. How Do I Know if I Am Part of the Settlement?

The Settlement Class includes all persons and entities who purchased or otherwise acquired Heckmann common stock or warrants during the Settlement Class Period (*i.e.*, May 20, 2008 through May 8, 2009, inclusive)[3] or who held Heckmann common stock as of the Record Date of September 15, 2008 who held these shares through the Approval Date of October 30, 2008, *except those persons and entities that are excluded, as described below.*

### 6. What Are the Exceptions to Being Included?

Excluded from the Settlement Class are Defendants, present or former executive officers of Heckmann and China Water, present or former members of Heckmann's and China Water's Board of Directors and the immediate family members (as defined in 17 C.F.R. § 229.404, Instructions) of the foregoing excluded individuals. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set forth herein. *See* Question 14 below.

### 7. I Am Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator, *In re Heckmann Corporation Securities Litigation*, c/o Heffler Claims Group, P.O. Box # 60254, Philadelphia, PA 19102-0254 (877) 852-8870 for more information. Or you can fill out and return the claim form described in Question 9 below to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

### 8. What Does the Settlement Provide?

The Settling Defendants have agreed to create a Settlement Fund consisting of (i) $13,500,000 in cash and (ii) the greater of 847,990 shares of Nuverra common stock or the number of shares of Nuverra common stock that equals $13,500,000 in value as of the date preceding the Final Approval Hearing. In the event that Nuverra shares decline in value prior to the Final Approval Hearing as set forth in the Stipulation, the Settling Defendants are required to

---

[3] Shares of Heckmann common stock acquired by exchanging stock of China Water for Heckmann stock through the Merger between the two companies consummated on October 30, 2008 are excluded from this definition.

contribute additional Nuverra shares or cash to ensure that the total Settlement Fund is not less than $27,000,000. In the event that Nuverra shares increase in value prior to the date of the Final Approval Hearing, the Settling Defendants are still required to issue 847,990 shares, which would cause the Settlement Fund to be larger than $27,000,000. At any time following the Effective Date of the Settlement but prior to distribution, the Settlement Class Representatives and Co-Lead Counsel may sell some or all of the Settlement Shares in their discretion and place the proceeds of such sales into the Settlement Fund (less reasonable expenses associated with such sales). The balance of the Settlement Fund, after payment of Court-approved attorneys' fees and expenses, Court-approved reimbursement to the Lead Plaintiff, the costs of claims administration and taxes (the "Net Settlement Fund"), will be divided among Settlement Class Members who submit timely and valid claims pursuant to a Court-approved Plan of Allocation.

## 9.     How Much Will My Payment Be?

Each person or entity claiming to be an Authorized Claimant shall be required to submit a separate Proof of Claim and Release form ("Proof of Claim") signed under penalty of perjury and supported by such documents as specified in the Proof of Claim as are reasonably available to the claimant. If you are entitled to a payment under the Settlement, your share of the Net Settlement Fund will depend on, among other things, the number of valid Proofs of Claim that Settlement Class Members submit, the amount of Heckmann common stock or warrants you purchased or otherwise acquired during the Settlement Class Period, the amount of Heckmann common stock you owned as of the Record Date and held through the Approval Date, and when and if you sold your Heckmann common stock or warrants. By following the Plan of Allocation described herein, you can calculate your "Recognized Claim." The Claims Administrator will distribute the Net Settlement Fund according to the Plan of Allocation after the deadline for submission of Proofs of Claim has passed.

All Proofs of Claim must be postmarked or received by **August 18, 2014**, addressed as follows:

*In re Heckmann Corporation Securities Litigation*
**c/o Heffler Claims Group**
**P.O. Box # 60254**
**Philadelphia, PA  19102-0254**

Unless otherwise ordered by the Court, any Settlement Class Member who fails to submit a properly completed and signed Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation, but will in all other respects be bound by all of the terms of the Settlement, including the terms of the final judgment to be entered in the Litigation and will be barred from bringing any Released Claim[4] against any Released Persons, including Unknown Claims (as those terms are defined in the Proof of Claim enclosed with this Notice and in the Stipulation dated March 4,

_____

[4]  As set forth in the Stipulation and Proof of Claim, "Released Claims" does not include the claims asserted in the actions captioned (i) *Hess v. Heckmann, et. al.*, No. INC-10010407 and (ii) *Cook, et al. v. Nuverra Environmental Solutions, Inc., et al.*, No. 1:13-cv-06185 (S.D.N.Y.).

9

2014, which is available at www.HeckmannSecuritiesLitigationSettlement.com, or through the mail upon request).

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds. Each claimant is deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Settlement Class Member and the validity and amount of that claimant's claim. No discovery shall be allowed on the merits of the Litigation.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the settlement website, www.HeckmannSecuritiesLitigationSettlement.com.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim. **Please Note**: The Recognized Claim formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Claim. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total Recognized Claims of all Authorized Claimants (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a Claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented Claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution Claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the

Notice; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Co-Lead Counsel and approved by the Court.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market-wide or industry-wide factors, or company-specific factors unrelated to the alleged fraud. A "Recognized Loss" under Section 10(b) of the Exchange Act will be calculated as set forth below for each share of Heckmann common stock or Heckmann warrants purchased or otherwise acquired during the Settlement Class Period (except any shares of Heckmann common stock acquired by former China Water shareholders during the Merger) (collectively "Eligible Securities"). In order to have been damaged under Section 14(a), you must have held Heckmann common stock as of the record date for the Merger of September 15, 2008 (the "Record Date") through and including the shareholder vote on the Merger, which took place on October 30, 2008 (the "Approval Date"). Thus, a Recognized Loss under Section 14(a) of the Exchange Act will be calculated as set forth below for each share of Heckmann common stock held as of September 15, 2008 through October 30, 2008. The calculation of Recognized Loss under Section 10(b) will depend upon several factors, including when Eligible Securities were purchased or acquired during the Settlement Class Period, and in what amounts, and whether those Eligible Securities were sold, and if sold, when they were sold, and for what amounts. With respect to Recognized Losses for Section 14(a) claims, the calculation will depend upon how many shares of Heckmann common stock were owned as of the Record Date and held through the Approval Date, and if sold thereafter, when they were sold, and for what amounts. An Authorized Claimant's Recognized Claim shall be calculated by totaling the Authorized Claimant's Recognized Loss amounts for all of the Authorized Claimant's Eligible Securities.

As set forth above, in this Litigation claims were asserted under both Sections 10(b) and 14(a) of the Exchange Act. Heckmann investors, however, can only receive a recovery under one of these sections of the Exchange Act with respect to the same share for the same violation, not both. With respect to Authorized Claimants who held Heckmann common stock as of September 15, 2008, which was then held through October 30, 2008, as to which a claim can be stated with respect to both Sections 10(b) and 14(a), the Recognized Loss calculated pursuant to the Section 14(a) calculations set forth below will be used for purposes of determining a Claimant's overall Recognized Claim as that amount will always be greater than the Recognized Loss calculated pursuant to the Section 10(b) calculations set forth below.

## SECTION 10(b) CLAIMS – COMMON STOCK

### Artificial Inflation in the Price of Heckmann Common Stock

11

In developing the Plan of Allocation, Plaintiffs' damages expert calculated the amount of estimated alleged artificial inflation in the per-share closing prices of Heckmann common stock which purportedly was proximately caused by Defendants' alleged misrepresentations and material omissions. The estimated alleged artificial inflation in the price of Heckmann common stock during the Settlement Class Period is reflected in **Table 1** below. The computation of the estimated alleged artificial inflation in the price of Heckmann common stock during the Settlement Class Period is measured by the dollar decline in the price of Heckmann common stock, net of market-wide and industry-wide factors, in reaction to the May 8, 2009 public announcement that allegedly corrected earlier alleged misrepresentations and omissions made in the Proxy Solicitations and after the shareholder vote. That day, the decline in the price of Heckmann common stock, net of market-wide and industry-wide factors, was $0.72. The per-share artificial inflation in Heckmann common stock is $0.72 from May 20, 2008, the beginning of the Settlement Class Period, through and including May 7, 2009, the day before the May 8, 2009 corrective disclosure.[5]

| Table 1 | | |
| --- | --- | --- |
| **Artificial Inflation in Heckmann Common Stock** | | |
| **From** | **To** | **Per-Share Price Inflation** |
| May 20, 2008 | May 7, 2009 | $0.72 |
| May 8, 2009 | and thereafter | $0.00 |

#### 90-Day Look Back Provision

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of Recognized Losses for Heckmann common stock Section 10(b) claims. The limitations on the calculation of Recognized Losses imposed by the PSLRA are applied such that losses on shares of Heckmann common stock purchased/acquired during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-day look back period") cannot exceed the difference between the purchase price paid for the Heckmann common stock and the average price of Heckmann common stock during the 90-day look back period. Losses on Heckmann

---

[5] Please note that although the Settlement Class Period includes May 8, 2009, Heckmann common stock or warrants that were purchased and/or acquired on May 8, 2009 are not eligible for a recovery under the Plan of Allocation because the disclosure made on May 8, 2009 that Plaintiffs allege corrected earlier alleged misrepresentations and omissions was made before the opening of trading that day.

common stock purchased/acquired during the Settlement Class Period and sold *during* the 90-day look back period cannot exceed the difference between the purchase price paid for the Heckmann common stock and the rolling average price of Heckmann common stock during the portion of the 90-day look back period elapsed as of the date of sale.

## Calculation of Recognized Loss for Heckmann Common Stock under Section 10(b)

An Authorized Claimant's Recognized Loss per share of Heckmann common stock purchased or acquired during the Settlement Class Period under Section 10(b) shall be calculated as follows:

i. For each share of Heckmann common stock purchased or acquired during the Settlement Class Period and subsequently sold prior to May 8, 2009, the Recognized Loss is $0.

ii. For each share of Heckmann common stock purchased or acquired during the Settlement Class Period and subsequently sold between May 8, 2009 and August 5, 2009, inclusive, the Recognized Loss shall be calculated as the lesser of:

    a. the amount of per-share price inflation on the date of purchase/acquisition as appears in **Table 1** above; and

    b. the purchase/acquisition price (excluding all fees, taxes and commissions) *minus* the "90-day look back value" on the date of sale/disposition provided in **Table 2** attached to the end of this Notice. If this calculation results in a negative number, then the Recognized Loss is $0.

iii. For each share of Heckmann common stock purchased or acquired during the Settlement Class Period, and still held as of the close of trading on August 5, 2009, the Recognized Loss shall be calculated as the lesser of:

    a. the amount of per-share price inflation on the date of purchase/acquisition as appears in **Table 1** above; and

    b. the purchase/acquisition price (excluding all fees, taxes and commissions) *minus* the average closing price for Heckmann common stock during the 90-day period following the Settlement Class Period, which is $3.94. If this calculation results in a negative number, then the Recognized Loss is $0.

## SECTION 10(b) CLAIMS - WARRANTS

### Artificial Inflation in Heckmann Warrants

In developing the Plan of Allocation, Plaintiffs' damages expert calculated the amount of estimated alleged artificial inflation in the per-warrant price of Heckmann warrants[6] which

---

[6] Each warrant entitled the holder of such warrant to purchase from Heckmann one share of common stock at an exercise price of $6.00 commencing on the later of the completion of a

purportedly was proximately caused by Defendants' alleged misrepresentations and material omissions. The computation of the estimated price inflation in Heckmann warrants during the Settlement Class Period is based on the Black-Scholes option pricing model, a widely-used and well-accepted financial model for valuing stock options, with certain adjustments specific to warrants. Price inflation for the Heckmann warrants during the Settlement Class Period is measured by the difference between the market price of the Heckmann warrants and the value predicted by the Black-Scholes option pricing model, given the estimate of artificial price inflation of Heckmann common stock. The estimated alleged artificial inflation in the price of Heckmann warrants during the Class Period is reflected in **Table 3** attached to the end of this Notice.

## 90-Day Look Back Provision

The 90-day look back provision of the PSLRA is incorporated into the calculation of Recognized Losses for Section 10(b) claims for Heckmann warrants. See paragraph 7 above for a description of the 90-day look back provision.

## Calculation of Recognized Loss for Heckmann Warrants under Section 10(b)

An Authorized Claimant's Recognized Loss per warrant under Section 10(b) shall be calculated as follows:

   i.  For Heckmann warrants purchased or acquired during the Settlement Class Period, that were subsequently sold or exercised prior to May 8, 2009, the Recognized Loss is $0.

   ii. For Heckmann warrants purchased or acquired during the Settlement Class Period, that were subsequently sold during the period May 8, 2009 through August 5, 2009, inclusive, the Recognized Loss is the lesser of:

        a. the amount of artificial inflation per Heckmann warrant on the date of purchase/acquisition provided in **Table 3** attached to the end of this Notice; or

        b. the per-warrant purchase/acquisition price (excluding all fees, taxes and commissions) *minus* the "90-day look back value" on the date of sale/disposition provided in **Table 3** attached to the end of this Notice. If this calculation results in a negative number, then the Recognized Loss is $0.

   iii. For Heckmann warrants held as of close of trading on August 5, 2009, the Recognized Loss per-warrant is the lesser of:

_____

business combination or November 9, 2008. Heckmann's warrants were to expire on November 9, 2011, or earlier upon redemption. Heckmann SEC Form 424B3 (Prospectus) filed October 2, 2008, p. 23.

14

       a. the amount of artificial inflation per Heckmann warrant on the date of purchase/acquisition provided in **Table 3** attached to the end of this Notice; or

       b. the purchase/acquisition price (excluding all fees, taxes and commissions) *minus* the average price for Heckmann warrants during the 90-day period following the Settlement Class Period, which is $0.55. If this calculation results in a negative number, then the Recognized Loss is $0.

Heckmann common stock acquired during the Settlement Class Period through the exercise of a warrant shall be treated as a purchase of Heckmann common stock on the date of exercise. The purchase price paid for such common stock shall be the closing price of Heckmann common stock on the date of exercise. Any damages arising from such transactions shall be computed as provided for other purchases of Heckmann common stock above.

## SECTION 14(A) CLAIMS – COMMON STOCK CALCULATIONS

The Recognized Loss for Section 14(a) claims is based upon Plaintiffs' damages theory that by forfeiting the right to a pro rata share of Heckmann's trust account on October 30, 2008, each shareholder of record as of the Record Date, who held their shares of Heckmann common stock through the Approval Date, lost a right valued according to the amount of cash held in Heckmann's trust account as of October 30, 2008. The value of the cash held in Heckmann's trust account equaled $7.95 per share as of October 30, 2008, when the merger was consummated.[7] If the share of Heckman common stock was disposed of after the Approval Date through the close of trading on August 5, 2009, the 90-day period following the end of the Settlement Class Period, the per-share Recognized Loss shall be offset by the proceeds received for that share. Alternatively, if the share is retained until the close of trading on August 5, 2009, the Recognized Loss shall be based on the difference between $7.95 and the closing market value of the share on that date, which is $3.73.

### Calculation of Recognized Loss under Section 14(a)

An Authorized Claimant's Recognized Loss per eligible share of Heckmann common stock under Section 14(a) will be calculated as follows:

     i. For each share of Heckmann common stock that was held as of the Record Date that was sold before the opening of trading on the Approval Date, the Recognized Loss for each such share is $0.

    ii. For each share of Heckmann common stock that was held as of Record Date, that was still held as of the opening of trading on the Approval Date, and:

---

[7] As of September 30, 2008, $430,431,520 in cash was held in the Company's trust account. Heckmann issued 54,116,800 shares of common stock in its IPO. (Heckmann SEC Form 10-Q filed November 12, 2008 for quarter ended September 30, 2008, pp. 3, 5.) $430,431,520 divided by 54,116,800 shares is $7.95.

15

a. sold before the close of trading on August 5, 2009, the Recognized Loss
for each such share is $7.95 *minus* the proceeds received per share upon
sale/disposition. If this calculation results in a negative number, then the
Recognized Loss is $0.

b. still held as of the close of trading on August 5, 2009, the Recognized
Loss for each such share is $4.22, which is $7.95 per share *minus* $3.73,
which is the closing price of Heckmann common stock on August 5, 2009.

## ADDITIONAL PLAN OF ALLOCATION PROVISIONS

**Determination of Recognized Claim:** Subject to the provision above related to
Settlement Class Period purchases that fall under both Section 10(b) and 14(a), which shall be
treated under 14(a) only, a Claimant's Recognized Claim shall be the sum total of: (i) the
Recognized Loss amounts under Section 10(b) for Heckmann common stock calculated above;
(ii) the Recognized Loss amounts under Section 10(b) for Heckmann warrants calculated above;
and, (iii) the Recognized Loss amounts under Section 14(a) for Heckmann common stock
calculated above.

**Purchase/Sale Dates:** For purposes of calculating your Recognized Loss, the date of
purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or
"payment" date. The receipt or grant by gift, inheritance or operation of law of shares of
Heckmann common stock or warrants during the Settlement Class Period shall not be deemed a
purchase, acquisition or sale of those shares of Heckmann common stock or warrants for the
calculation of an Authorized Claimant's Recognized Loss, nor shall such receipt or grant be
deemed an assignment of any claim relating to the purchase/acquisition of such shares of
Heckmann common stock or warrants during the Settlement Class Period unless (a) the donor or
decedent purchased or otherwise acquired such Heckmann common stock or warrants during the
Settlement Class Period; (b) no Claim Form was submitted by or on behalf of the donor, on
behalf of the decedent, or by anyone else with respect to such Heckmann common stock or
warrants; and (c) it is specifically so provided in the instrument of gift or assignment. The
receipt of Heckmann common stock by former China Water shareholders as part of the Merger
shall also not be treated as purchases for purpose of this Plan of Allocation.

**FIFO Matching:** All purchases, acquisitions and sales of Heckmann common stock and
warrants shall be accounted for and matched using the First In, First Out ("FIFO") method of
accounting. In the event that a claimant has more than one purchase/acquisition or sale of
Heckmann common stock/warrants during the Settlement Class Period, all
purchases/acquisitions and sales shall be matched on a FIFO basis, such that sales will be
matched first against the claimant's opening holdings of Heckmann common stock/warrants on
the first day of the Settlement Class Period, if any, and then will be matched against
purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition
made during the Settlement Class Period.

**Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or
acquisition of Heckmann common stock. The date of a "short sale" is deemed to be the date of
sale of Heckmann common stock. In accordance with the Plan of Allocation, however, the
Recognized Loss on "short sales" is zero. In the event that an Authorized Claimant has an

16

opening short position in Heckmann common stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

**Eligible Securities:** Heckmann common stock and warrants are the only securities eligible for recovery under the Plan of Allocation. Option contracts with Heckmann common stock as the underlying security, are not securities eligible to participate in the Settlement. With respect to Heckmann common stock purchased or sold through the exercise of a warrant or an option, the purchase/sale date of the Heckmann common stock is the exercise date of the warrant or option, and the purchase/sale price of the Heckmann common stock is the closing price of Heckmann common stock on the date of exercise of the warrant or option. For Heckmann common stock or warrants purchased or sold through the purchase or sale of a Heckmann unit, the purchase/sale date of the Heckmann common stock or warrant is the purchase/sale date of the unit and the purchase/sale price of the Heckmann common stock or warrant is the closing price of Heckmann common stock or warrant on the purchase/sale date of the unit.

Payment pursuant to the plan of allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Co-Lead Counsel, Defendants, Defendants' Counsel, the Claims Administrator or any other agent designated by Co-Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

## HOW YOU RECEIVE A PAYMENT – SUBMITTING A CLAIM FORM

### 10. How Will I Receive a Payment?

To be eligible to receive a payment from the Net Settlement Fund, you must be a Settlement Class Member and you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice. Please read the instructions contained in the Proof of Claim carefully, fill out the form, include all the documents the form requests, sign it, and mail it in an envelope addressed to the Claims Administrator, postmarked no later than **August 18, 2014.** Please retain a copy of everything you mail, in case the materials are lost or destroyed during shipping.

### 11. When Will I Receive My Payment?

The Court will hold a hearing on June 26, 2014, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals, if any, can be resolved, and resolving them can take time, perhaps several

years. In addition, the Claims Administrator must process all of the Proofs of Claim. The processing of claims is complicated and will take many months. Please be patient.

### 12. Why is Defendant Xu being voluntarily dismissed from the Litigation?

Although originally named as a Defendant in this Litigation, Defendant Xu Hong Bin ("Xu") has never been located to accept service of any complaint filed in this Litigation and although the Court authorized service on Defendant Xu through his last known email address, which was obtained through discovery, Defendant Xu has not acknowledged receipt of service nor appeared in this Litigation. If the Court were to approve the Settlement, Xu would be the only remaining Defendant and a portion of the Settlement Fund would have to be set aside in order to cover the expenses associated with continuing the Litigation against Xu, obtaining a judgment against him in the Court and attempting to enforce that judgment in China. As a result, upon the advice of Co-Lead Counsel, the Settlement Class Representatives believe it appropriate to voluntarily dismiss Defendant Xu rather than deplete the Settlement Fund in this endeavor and have requested the Court's approval of this dismissal.

### 13. What Am I Giving Up By Staying in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the Released Persons about the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this Litigation against the Defendants. The terms of the release are included in the Proof of Claim that is enclosed.[8]

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to potentially sue or continue to sue the Defendants on your own about the same claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. This is sometimes referred to as "opting out" of the class. You should consult your own lawyer in this regard as Co-Lead Counsel are offering no advice as to whether you may be able to maintain such a lawsuit.

### 14. How Do I Exclude Myself from the Settlement Class?

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from the Settlement Class in the *In re Heckmann Corporation Securities Litigation*, Case No. 1:10-cv-00378-LPS-MPT. You must include your name, address, telephone number, your signature, and information concerning your purchase(s)/acquisition(s) of Heckmann common stock or warrants during the Settlement Class Period, including the number of Heckmann common stock or warrants purchased, acquired and/or sold and the dates of each purchase, acquisition and sale. You must also include the number of shares of Heckmann

---

[8] The Settling Parties will also seek to include in the Judgment a "bar order" that will, among other things, bar certain claims for contribution against or by the Defendants.

common stock you owned as of September 15, 2008 and October 30, 2008. You must mail your exclusion request so that it is **received** no later than **June 5, 2014** to:

*In re Heckmann Corporation Securities Litigation*
**c/o Heffler Claims Group**
**P.O. Box # 60254**
**Philadelphia, PA 19102-0254**

*Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

You cannot exclude yourself over the phone or by e-mail. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit and you may be able to pursue the claims that are being released in this Settlement.

Pursuant to the terms of a separate supplemental agreement, the parties shall have the option to terminate the Settlement in the event that members of the Settlement Class, who purchased and/or acquired a certain amount of Heckmann common stock and would otherwise be entitled to participate in the Settlement Class, timely and validly request exclusion in accordance with the requirements set forth in this Notice.

### 15. If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No. Unless you exclude yourself from the Settlement Class, you are giving up any right you may have to sue the Settling Defendants or any of the other Released Persons for the claims being released by this Settlement. If you have a pending lawsuit relating to the claims being released in this Litigation against any of the Settling Defendants or Released Persons, speak to your lawyer in that case immediately. Remember, the exclusion deadline is June 5, 2014.

### 16. If I Exclude Myself, Can I Receive a Payment from This Settlement?

No. If you exclude yourself from the Settlement Class, do not send in a Proof of Claim. But, you may be able to sue, continue to sue, or be part of a different lawsuit asserting the claims being released in this Settlement against the Settling Defendants and the Released Persons. You should consult your own lawyer in this regard as Co-Lead Counsel are offering no advice as to whether you may be able to maintain such a lawsuit.

Should you elect to exclude yourself from the Settlement Class, you should understand that the Settling Defendants and the other Released Persons will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including without limitation the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. Although the Settling Defendants have decided to settle the Litigation in its entirety in order to eliminate the burden and expense of continued litigation, the Settling Defendants will retain and are not waiving in any way the right to assert that any subsequent

19

claims asserted by any individual Settlement Class Members who exclude themselves from this Settlement are time-barred, are otherwise subject to dismissal, or otherwise lack merit. You should discuss these issues with a lawyer.

## THE LAWYERS REPRESENTING YOU

### 17. Do I Have a Lawyer in This Case?

The Court appointed the law firms of Kessler Topaz Meltzer & Check, LLP and Rosenthal Monhait & Goddess, P.A., to represent you and the other Settlement Class Members. These lawyers are called Co-Lead Counsel. You will not be separately charged for these lawyers beyond your *pro rata* share of any attorneys' fees and expenses awarded by the Court that will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How Will the Lawyers Be Paid?

Co-Lead Counsel will apply to the Court for attorneys' fees not to exceed one-third of the Settlement Amount and for reimbursement of out-of-pocket expenses advanced in connection with the Litigation up to an amount of $1.5 million, plus interest on both amounts at the same rate as earned by the Settlement Fund. *Such sums as may be approved by the Court will be paid from the Settlement Fund.* Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Co-Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Co-Lead Counsel have not been paid for their services for conducting this Litigation on behalf of the Settlement Class Representatives and the Settlement Class or for their substantial out-of-pocket expenses. The fee requested will compensate Co-Lead Counsel for their work in achieving the Settlement Fund and represents a return of an amount which is substantially less than Co-Lead Counsel's aggregate lodestar, which is calculated by multiplying the hours expended to date on the Litigation by Co-Lead Counsel for each attorney and professional by their hourly rates. The Court may, however, award less than this amount.

Lead Plaintiff may also make an application to the Court for reimbursement in an amount not to exceed $60,000 for his costs and expenses (including lost wages) in connection with his representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 19.    How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it. To object to the Settlement, the proposed Plan of Allocation, Co-Lead Counsel's request for attorneys' fees and expenses and/or Lead Plaintiff's request for reimbursement of costs and expenses in connection with his representation of the Settlement Class, you must send a letter saying that you object to the Settlement in the *In re Heckmann Corporation Securities Litigation*, Case No. 1:10-cv-00378-LPS-MPT and the reasons why you object to the Settlement or any part of it. Be sure to include your name, address, telephone number and your signature. You must also include information concerning your purchases, acquisitions, sales and holdings of Heckmann common stock and warrants during the Settlement Class Period. Any objection to the Settlement must be **received** by *each of the following* by **June 5, 2014**:

| COURT | CO-LEAD COUNSEL | DESIGNATED COUNSEL FOR THE SETTLING DEFENDANTS |
|---|---|---|
| Clerk of the Court<br>J. Caleb Boggs<br>Federal Building,<br>844 N. King Street,<br>Wilmington, DE 19801-3555 | Sharan Nirmul, Esq.<br>**Kessler Topaz<br>Meltzer & Check, LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087<br><br>P. Bradford deLeeuw, Esq.<br>**Rosenthal, Monhait<br>& Goddess, P.A.**<br>919 North Market Street,<br>Suite 1401<br>Citizens Bank Center<br>Wilmington, DE 19801 | Koji F. Fukumura, Esq.<br>**Cooley, LLP**<br>4401 Eastgate Mall<br>San Diego, CA 92121-1909 |

### 20.    What is the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement, the Plan of Allocation, the application for attorneys' fees and expenses, and/or the request for reimbursement of costs and expenses to the Lead Plaintiff. You can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT FAIRNESS HEARING

### 21.    When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at 9:30 a.m., on June 26, 2014, at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street,

Wilmington, DE 19801-3555 (the "Settlement Hearing"). At this hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have requested in writing by June 5, 2014 to speak at the hearing. The Court may also consider Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses and the request for reimbursement of costs and expenses to Lead Plaintiff.

### 22. Do I Have to Come to the Settlement Hearing?

No. Co-Lead Counsel will answer any questions the Court may have. But, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection was received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required.

### 23. May I Speak at the Settlement Hearing?

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter stating your intention to appear in the *In re Heckmann Corporation Securities Litigation*, Case No. 1:10-cv-00378-LPS-MPT. Be sure to include your name, address, telephone number, your signature, and also identify the date(s), price(s) and amount(s) of all of your purchases/acquisitions of Heckmann common stock or warrants during the Settlement Class Period and your sale(s) of such common stock or warrants, as well as your holdings of Heckmann common stock as of September 15, 2008 and October 30, 2008. Your notice of intention to appear must be *received* no later than June 5, 2014, and must be sent to the Clerk of the Court, Co-Lead Counsel, and designated counsel for the Settling Defendants, at the addresses listed in Question 19 above. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### IF YOU DO NOTHING

### 24. What Happens if I Do Nothing at All?

If you do nothing, you will receive no money from this Settlement. But, unless you exclude yourself from the Settlement Class, you will not be able to potentially start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Defendants or the other Released Persons about the same claims being released in this Settlement.

### OBTAINING MORE INFORMATION

### 24. Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement. More details are contained in the Stipulation. All terms used in this Notice and not defined herein shall have the same meanings as in the Stipulation. You can obtain a copy of the Stipulation or more information about the Settlement by visiting www.HeckmannSecuritiesLitigationSettlement.com or by writing to Co-Lead Counsel listed above in Question 19. You can also obtain a copy of the Stipulation from

the Clerk's office at the J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801-3555, during regular business hours.

## DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE
## SPECIAL NOTICE TO NOMINEES

If you purchased or acquired Heckmann common stock or warrants (now known as Nuverra Environmental Solutions, Inc.) during the Settlement Class Period for the beneficial interest of a person or entity other than yourself, then, the Court has ordered that within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such beneficial owners; or (2) provide a list of the names and addresses of such beneficial owners to the Claims Administrator: *In re Heckmann Corporation Securities Litigation*, c/o Heffler Claims Group, P.O. Box # 60254, Philadelphia, PA 19102-0254.

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Copies of this Notice and the Proof of Claim may also be obtained from website maintained for the Settlement, www.HeckmannSecuritiesLitigation Settlement.com, by calling the Claims Administrator toll-free at (877) 852-8870.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.


DATED: March 21, 2014                    BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         DISTRICT OF DELAWARE

| TABLE 2 | | | |
|---|---|---|---|
| *In re Heckmann Corporation Securities Litigation* | | | |
| **Date** | **Heckmann Common Stock Rolling Average Price during 90-day Look back Period as of the Date of Sale/Disposition** | **Date** | **Heckmann Common Stock Rolling Average Price during 90-day Look back Period as of the Date of Sale/Disposition** |
| 5/8/2009 | $4.33 | 6/23/2009 | $4.20 |
| 5/11/2009 | $4.27 | 6/24/2009 | $4.19 |
| 5/12/2009 | $4.29 | 6/25/2009 | $4.18 |
| 5/13/2009 | $4.31 | 6/26/2009 | $4.18 |
| 5/14/2009 | $4.32 | 6/29/2009 | $4.17 |
| 5/15/2009 | $4.31 | 6/30/2009 | $4.16 |
| 5/18/2009 | $4.29 | 7/1/2009 | $4.15 |
| 5/19/2009 | $4.28 | 7/2/2009 | $4.14 |
| 5/20/2009 | $4.26 | 7/6/2009 | $4.13 |
| 5/21/2009 | $4.25 | 7/7/2009 | $4.12 |
| 5/22/2009 | $4.25 | 7/8/2009 | $4.10 |
| 5/26/2009 | $4.24 | 7/9/2009 | $4.09 |
| 5/27/2009 | $4.23 | 7/10/2009 | $4.07 |
| 5/28/2009 | $4.21 | 7/13/2009 | $4.06 |
| 5/29/2009 | $4.20 | 7/14/2009 | $4.05 |
| 6/1/2009 | $4.19 | 7/15/2009 | $4.04 |
| 6/2/2009 | $4.18 | 7/16/2009 | $4.03 |
| 6/3/2009 | $4.17 | 7/17/2009 | $4.02 |
| 6/4/2009 | $4.16 | 7/20/2009 | $4.01 |
| 6/5/2009 | $4.16 | 7/21/2009 | $4.01 |
| 6/8/2009 | $4.16 | 7/22/2009 | $4.00 |
| 6/9/2009 | $4.18 | 7/23/2009 | $3.99 |
| 6/10/2009 | $4.19 | 7/24/2009 | $3.99 |
| 6/11/2009 | $4.20 | 7/27/2009 | $3.98 |
| 6/12/2009 | $4.21 | 7/28/2009 | $3.98 |
| 6/15/2009 | $4.22 | 7/29/2009 | $3.97 |
| 6/16/2009 | $4.22 | 7/30/2009 | $3.96 |
| 6/17/2009 | $4.22 | 7/31/2009 | $3.96 |
| 6/18/2009 | $4.21 | 8/3/2009 | $3.95 |
| 6/19/2009 | $4.21 | 8/4/2009 | $3.95 |
| 6/22/2009 | $4.20 | 8/5/2009 | $3.94 |

**TABLE 3**
*In re Heckmann Corporation Securities Litigation*

| Date | Heckmann Warrants Price Inflation | Heckmann Warrants Rolling Average Price during 90-day Look back Period as of the Date of Sale/Disposition (May 8, 2009 – August 5, 2009) | Date | Heckmann Warrants Price Inflation | Heckmann Warrants Rolling Average Price during 90-day Look back Period as of the Date of Sale/Disposition (May 8, 2009 – August 5, 2009) |
|---|---|---|---|---|---|
| 5/20/2008 | $0.20 | | 7/14/2008 | $0.40 | |
| 5/21/2008 | $0.27 | | 7/15/2008 | $0.38 | |
| 5/22/2008 | $0.37 | | 7/16/2008 | $0.39 | |
| 5/23/2008 | $0.38 | | 7/17/2008 | $0.42 | |
| 5/27/2008 | $0.38 | | 7/18/2008 | $0.40 | |
| 5/28/2008 | $0.39 | | 7/21/2008 | $0.41 | |
| 5/29/2008 | $0.39 | | 7/22/2008 | $0.38 | |
| 5/30/2008 | $0.39 | | 7/23/2008 | $0.41 | |
| 6/2/2008 | $0.40 | | 7/24/2008 | $0.42 | |
| 6/3/2008 | $0.42 | | 7/25/2008 | $0.44 | |
| 6/4/2008 | $0.45 | | 7/28/2008 | $0.44 | |
| 6/5/2008 | $0.45 | | 7/29/2008 | $0.47 | |
| 6/6/2008 | $0.46 | | 7/30/2008 | $0.50 | |
| 6/9/2008 | $0.45 | | 7/31/2008 | $0.51 | |
| 6/10/2008 | $0.49 | | 8/1/2008 | $0.52 | |
| 6/11/2008 | $0.48 | | 8/4/2008 | $0.50 | |
| 6/12/2008 | $0.47 | | 8/5/2008 | $0.51 | |
| 6/13/2008 | $0.47 | | 8/6/2008 | $0.52 | |
| 6/16/2008 | $0.46 | | 8/7/2008 | $0.50 | |
| 6/17/2008 | $0.47 | | 8/8/2008 | $0.51 | |
| 6/18/2008 | $0.47 | | 8/11/2008 | $0.49 | |
| 6/19/2008 | $0.49 | | 8/12/2008 | $0.51 | |
| 6/20/2008 | $0.47 | | 8/13/2008 | $0.50 | |
| 6/23/2008 | $0.49 | | 8/14/2008 | $0.49 | |
| 6/24/2008 | $0.49 | | 8/15/2008 | $0.50 | |
| 6/25/2008 | $0.47 | | 8/18/2008 | $0.53 | |
| 6/26/2008 | $0.46 | | 8/19/2008 | $0.49 | |
| 6/27/2008 | $0.43 | | 8/20/2008 | $0.49 | |
| 6/30/2008 | $0.39 | | 8/21/2008 | $0.48 | |
| 7/1/2008 | $0.39 | | 8/22/2008 | $0.50 | |
| 7/2/2008 | $0.39 | | 8/25/2008 | $0.51 | |
| 7/3/2008 | $0.38 | | 8/26/2008 | $0.51 | |
| 7/7/2008 | $0.39 | | 8/27/2008 | $0.51 | |
| 7/8/2008 | $0.38 | | 8/28/2008 | $0.53 | |
| 7/9/2008 | $0.41 | | 8/29/2008 | $0.54 | |
| 7/10/2008 | $0.41 | | 9/2/2008 | $0.54 | |
| 7/11/2008 | $0.39 | | 9/3/2008 | $0.56 | |

| TABLE 3 Heckmann Corporation Securities Litigation | | | | | |
|---|---|---|---|---|---|
| Date | Heckmann Warrants Price Inflation | Heckmann Warrants Rolling Average Price during 90-day Look back Period as of the Date of Sale/Disposition (May 8, 2009 - August 5, 2009) | Date | Heckmann Warrants Price Inflation | Heckmann Warrants Rolling Average Price during 90-day Look back Period as of the Date of Sale/Disposition (May 8, 2009 - August 5, 2009) |
| 9/4/2008 | $0.55 | | 10/28/2008 | $0.22 | |
| 9/5/2008 | $0.55 | | 10/29/2008 | $0.21 | |
| 9/8/2008 | $0.55 | | 10/30/2008 | $0.58 | |
| 9/9/2008 | $0.54 | | 10/31/2008 | $0.57 | |
| 9/10/2008 | $0.48 | | 11/3/2008 | $0.60 | |
| 9/11/2008 | $0.52 | | 11/4/2008 | $0.66 | |
| 9/12/2008 | $0.54 | | 11/5/2008 | $0.60 | |
| 9/15/2008 | $0.47 | | 11/6/2008 | $0.61 | |
| 9/16/2008 | $0.44 | | 11/7/2008 | $0.56 | |
| 9/17/2008 | $0.41 | | 11/10/2008 | $0.60 | |
| 9/18/2008 | $0.35 | | 11/11/2008 | $0.53 | |
| 9/19/2008 | $0.42 | | 11/12/2008 | $0.52 | |
| 9/22/2008 | $0.42 | | 11/13/2008 | $0.48 | |
| 9/23/2008 | $0.40 | | 11/14/2008 | $0.47 | |
| 9/24/2008 | $0.38 | | 11/17/2008 | $0.44 | |
| 9/25/2008 | $0.40 | | 11/18/2008 | $0.41 | |
| 9/26/2008 | $0.42 | | 11/19/2008 | $0.41 | |
| 9/29/2008 | $0.37 | | 11/20/2008 | $0.39 | |
| 9/30/2008 | $0.40 | | 11/21/2008 | $0.37 | |
| 10/1/2008 | $0.40 | | 11/24/2008 | $0.35 | |
| 10/2/2008 | $0.40 | | 11/25/2008 | $0.38 | |
| 10/3/2008 | $0.39 | | 11/26/2008 | $0.39 | |
| 10/6/2008 | $0.38 | | 11/28/2008 | $0.42 | |
| 10/7/2008 | $0.27 | | 12/1/2008 | $0.38 | |
| 10/8/2008 | $0.25 | | 12/2/2008 | $0.39 | |
| 10/9/2008 | $0.29 | | 12/3/2008 | $0.40 | |
| 10/10/2008 | $0.30 | | 12/4/2008 | $0.39 | |
| 10/13/2008 | $0.33 | | 12/5/2008 | $0.42 | |
| 10/14/2008 | $0.35 | | 12/8/2008 | $0.41 | |
| 10/15/2008 | $0.32 | | 12/9/2008 | $0.42 | |
| 10/16/2008 | $0.30 | | 12/10/2008 | $0.40 | |
| 10/17/2008 | $0.37 | | 12/11/2008 | $0.39 | |
| 10/20/2008 | $0.32 | | 12/12/2008 | $0.38 | |
| 10/21/2008 | $0.32 | | 12/15/2008 | $0.35 | |
| 10/22/2008 | $0.24 | | 12/16/2008 | $0.35 | |
| 10/23/2008 | $0.27 | | 12/17/2008 | $0.36 | |
| 10/24/2008 | $0.26 | | 12/18/2008 | $0.36 | |
| 10/27/2008 | $0.25 | | 12/19/2008 | $0.39 | |

| | | **TABLE 3** | | | |
| | | **Heckmann Corporation Securities Litigation** | | | |
| **Date** | **Heckmann Warrants Price Inflation** | **Heckmann Warrants Rolling Average Price during 90-day Look back Period as of the Date of Sale/Disposition (May 8, 2009 - August 5, 2009)** | **Date** | **Heckmann Warrants Price Inflation** | **Heckmann Warrants Rolling Average Price during 90-day Look back Period as of the Date of Sale/Disposition (May 8, 2009 - August 5, 2009)** |
|---|---|---|---|---|---|
| 12/22/2008 | $0.35 | | 2/18/2009 | $0.35 | |
| 12/23/2008 | $0.34 | | 2/19/2009 | $0.34 | |
| 12/24/2008 | $0.34 | | 2/20/2009 | $0.32 | |
| 12/26/2008 | $0.35 | | 2/23/2009 | $0.32 | |
| 12/29/2008 | $0.34 | | 2/24/2009 | $0.30 | |
| 12/30/2008 | $0.35 | | 2/25/2009 | $0.29 | |
| 12/31/2008 | $0.37 | | 2/26/2009 | $0.30 | |
| 1/2/2009 | $0.39 | | 2/27/2009 | $0.29 | |
| 1/5/2009 | $0.39 | | 3/2/2009 | $0.27 | |
| 1/6/2009 | $0.42 | | 3/3/2009 | $0.25 | |
| 1/7/2009 | $0.41 | | 3/4/2009 | $0.26 | |
| 1/8/2009 | $0.43 | | 3/5/2009 | $0.24 | |
| 1/9/2009 | $0.41 | | 3/6/2009 | $0.22 | |
| 1/12/2009 | $0.41 | | 3/9/2009 | $0.26 | |
| 1/13/2009 | $0.40 | | 3/10/2009 | $0.27 | |
| 1/14/2009 | $0.38 | | 3/11/2009 | $0.27 | |
| 1/15/2009 | $0.38 | | 3/12/2009 | $0.26 | |
| 1/16/2009 | $0.38 | | 3/13/2009 | $0.31 | |
| 1/20/2009 | $0.37 | | 3/16/2009 | $0.28 | |
| 1/21/2009 | $0.37 | | 3/17/2009 | $0.29 | |
| 1/22/2009 | $0.37 | | 3/18/2009 | $0.28 | |
| 1/23/2009 | $0.36 | | 3/19/2009 | $0.27 | |
| 1/26/2009 | $0.35 | | 3/20/2009 | $0.29 | |
| 1/27/2009 | $0.35 | | 3/23/2009 | $0.30 | |
| 1/28/2009 | $0.35 | | 3/24/2009 | $0.29 | |
| 1/29/2009 | $0.34 | | 3/26/2009 | $0.29 | |
| 1/30/2009 | $0.35 | | 3/27/2009 | $0.31 | |
| 2/2/2009 | $0.34 | | 3/30/2009 | $0.30 | |
| 2/3/2009 | $0.34 | | 3/31/2009 | $0.29 | |
| 2/4/2009 | $0.35 | | 4/1/2009 | $0.29 | |
| 2/5/2009 | $0.35 | | 4/2/2009 | $0.29 | |
| 2/6/2009 | $0.35 | | 4/3/2009 | $0.30 | |
| 2/9/2009 | $0.35 | | 4/6/2009 | $0.30 | |
| 2/10/2009 | $0.34 | | 4/7/2009 | $0.29 | |
| 2/11/2009 | $0.33 | | 4/8/2009 | $0.30 | |
| 2/12/2009 | $0.34 | | 4/9/2009 | $0.30 | |
| 2/13/2009 | $0.34 | | 4/13/2009 | $0.30 | |
| 2/17/2009 | $0.33 | | 4/14/2009 | $0.31 | |

27

| | | | TABLE 3 | | | |
| | | | Heckmann Corporation Securities Litigation | | | |
| Date | Heckmann Warrants Price Inflation | Heckmann Warrants Rolling Average Price during 90-day Look back Period as of the Date of Sale/Disposition (May 8, 2009 - August 5, 2009) | Date | Heckmann Warrants Price Inflation | Heckmann Warrants Rolling Average Price during 90-day Look back Period as of the Date of Sale/Disposition (May 8, 2009 - August 5, 2009) |
|---|---|---|---|---|---|
| 4/15/2009 | $0.30 | | 6/11/2009 | $0.00 | $0.61 |
| 4/16/2009 | $0.31 | | 6/12/2009 | $0.00 | $0.61 |
| 4/17/2009 | $0.31 | | 6/15/2009 | $0.00 | $0.61 |
| 4/20/2009 | $0.28 | | 6/16/2009 | $0.00 | $0.61 |
| 4/21/2009 | $0.31 | | 6/17/2009 | $0.00 | $0.61 |
| 4/22/2009 | $0.33 | | 6/18/2009 | $0.00 | $0.61 |
| 4/27/2009 | $0.33 | | 6/19/2009 | $0.00 | $0.61 |
| 4/28/2009 | $0.33 | | 6/22/2009 | $0.00 | $0.61 |
| 4/29/2009 | $0.32 | | 6/23/2009 | $0.00 | $0.61 |
| 4/30/2009 | $0.32 | | 6/24/2009 | $0.00 | $0.61 |
| 5/1/2009 | $0.33 | | 6/25/2009 | $0.00 | $0.61 |
| 5/4/2009 | $0.32 | | 6/26/2009 | $0.00 | $0.60 |
| 5/5/2009 | $0.32 | | 6/30/2009 | $0.00 | $0.60 |
| 5/6/2009 | $0.33 | | 7/1/2009 | $0.00 | $0.60 |
| 5/7/2009 | $0.33 | | 7/6/2009 | $0.00 | $0.60 |
| 5/8/2009 | $0.00 | $0.70 | 7/7/2009 | $0.00 | $0.60 |
| 5/11/2009 | $0.00 | $0.68 | 7/9/2009 | $0.00 | $0.60 |
| 5/12/2009 | $0.00 | $0.67 | 7/10/2009 | $0.00 | $0.60 |
| 5/13/2009 | $0.00 | $0.67 | 7/13/2009 | $0.00 | $0.60 |
| 5/14/2009 | $0.00 | $0.66 | 7/14/2009 | $0.00 | $0.59 |
| 5/15/2009 | $0.00 | $0.66 | 7/15/2009 | $0.00 | $0.59 |
| 5/18/2009 | $0.00 | $0.65 | 7/16/2009 | $0.00 | $0.59 |
| 5/19/2009 | $0.00 | $0.64 | 7/17/2009 | $0.00 | $0.58 |
| 5/20/2009 | $0.00 | $0.63 | 7/20/2009 | $0.00 | $0.58 |
| 5/21/2009 | $0.00 | $0.62 | 7/21/2009 | $0.00 | $0.58 |
| 5/22/2009 | $0.00 | $0.62 | 7/22/2009 | $0.00 | $0.57 |
| 5/26/2009 | $0.00 | $0.61 | 7/23/2009 | $0.00 | $0.57 |
| 5/27/2009 | $0.00 | $0.61 | 7/24/2009 | $0.00 | $0.57 |
| 5/28/2009 | $0.00 | $0.60 | 7/27/2009 | $0.00 | $0.57 |
| 5/29/2009 | $0.00 | $0.60 | 7/28/2009 | $0.00 | $0.56 |
| 6/1/2009 | $0.00 | $0.60 | 7/29/2009 | $0.00 | $0.56 |
| 6/2/2009 | $0.00 | $0.60 | 7/30/2009 | $0.00 | $0.56 |
| 6/3/2009 | $0.00 | $0.60 | 7/31/2009 | $0.00 | $0.56 |
| 6/4/2009 | $0.00 | $0.60 | 8/3/2009 | $0.00 | $0.55 |
| 6/8/2009 | $0.00 | $0.60 | 8/4/2009 | $0.00 | $0.55 |
| 6/9/2009 | $0.00 | $0.60 | 8/5/2009 | $0.00 | $0.55 |
| 6/10/2009 | $0.00 | $0.61 | | | |

28

**Exhibit A-2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE HECKMANN CORPORATION
SECURITIES LITIGATION

Case No. 1:10-cv-00378-LPS-MPT

## PROOF OF CLAIM AND RELEASE FORM

**YOU MUST SUBMIT A PROOF OF CLAIM AND RELEASE FORM TO THE CLAIMS ADMINISTRATOR, HEFFLER CLAIMS GROUP, AT THE ADDRESS SET FORTH BELOW, POSTMARKED NO LATER THAN AUGUST 18, 2014 TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THE ACTION CAPTIONED *IN RE HECKMANN CORPORATION SECURITIES LITIGATION*, CASE NO. 1:10-CV-00378-LPS-MPT.**

*In re Heckmann Corporation Securities Litigation*
**c/o Heffler Claims Group**
**P.O. Box 60254**
**Philadelphia, PA 19102-0254**

| **TABLE OF CONTENTS** | **PAGE NO.** |
|---|---|
| **Section A – Claimant Identification** | 2 |
| **Section B – General Instructions** | 3 |
| **Section C – Schedule of Transactions in Heckmann Common Stock** | 5 |
| **Section D – Schedule of Transactions in Heckmann Warrants** | 6 |
| **Section E – Release of Claims and Signature** | 7 |
| **Section F – Certification** | 7 |

Important - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0

| **MUST BE**<br>**POSTMARKED**<br>**NO LATER THAN**<br><br>**AUGUST 18, 2014** | *In re Heckmann Corporation Securities*<br>*Litigation*<br>Case No. 1:10-cv-00378-LPS-MPT<br><br>**PROOF OF CLAIM AND RELEASE** | For Official Use Only |
| --- | --- | --- |

[BARCODE- CLASS MEMBER ID]

## SECTION A – CLAIMANT IDENTIFICATION

Complete either Part 1 or 2 and then proceed to Part 3.

Part 1 Complete this Section ONLY if the Investor is an individual, joint, UGMA, UTMA or IRA account. Otherwise, proceed to Part 2.

Last Name (Investor)                                MI  First Name (Investor)

Last Name (Joint Beneficial Owner, if applicable)        MI  First Name (Joint Beneficial Owner)

Name of Custodian, if applicable

If this account is an UGMA, UTMA or IRA, please include "UGMA", "UTMA", or "IRA" in the "Last Name" box above (e.g., Jones IRA).

Part 2 - Complete this Section ONLY if the Investor is an entity; i.e., corporation, trust, estate, etc. Then, proceed to Part 3.

Entity Name

Name of Representative (Executor, administrator, trustee, corporate officer, etc.)

Part 3 – Account/Mailing Information:

**Street Address:**

**City:**                                **State:**    **Zip Code:**

**Foreign Province:**                         **Foreign Postal Code:**

**Foreign Country:**

**Area Code Telephone No. (day)**          **Area Code Telephone No. (evening)**

**Email:**

**Check Appropiate Box:**    Individual    Corporation    Joint Owners    IRA    Trust    Other _____

OR

**Social Security Number (for individuals)**        **Employer Identification Number (for estates, trusts, corps, etc)**

**NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with a large number of transactions may request, or may be requested, to submit information regarding their transactions in electronic format. All claimants MUST submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 852-8870 or visit the settlement website, www.HeckmannSecuritiesLitigationSettlement.com, to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

Page 2 of 10

[Case number]                    [Form]                    [page of page]

## SECTION B – GENERAL INSTRUCTIONS

A.      It is important that you completely read and understand the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Litigation Expenses, and Final Approval Hearing (the "Notice") and the Plan of Allocation included in the Notice. The Notice and the Plan of Allocation set forth in the Notice describe (i) the proposed settlement that will resolve the action captioned *In re Heckmann Corporation Securities Litigation*, Case No. 1:10-cv-00378-LPS-MPT (the "Litigation"); (ii) how Settlement Class Members are affected by the Settlement; and (iii) the manner in which the Net Settlement Fund will be distributed, if the Court approves the Settlement and the Plan of Allocation. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim and Release form ("Proof of Claim"). By signing and submitting this Proof of Claim, you will be certifying that you have read the Notice, including the terms of the release described therein and provided for herein.

B.      TO BE ELIGIBLE TO RECEIVE A DISTRIBUTION FROM THE NET SETTLEMENT FUND CREATED BY THE SETTLEMENT, YOU MUST SUBMIT YOUR COMPLETED AND SIGNED PROOF OF CLAIM TO THE CLAIMS ADMINISTRATOR VIA FIRST-CLASS MAIL, POSTAGE PREPAID, POSTMARKED ON OR BEFORE AUGUST 18, 2014, ADDRESSED AS FOLLOWS:

*In re Heckmann Corporation Securities Litigation*
**c/o Heffler Claims Group**
**P.O. Box 60254**
**Philadelphia, PA 19102-0254**

C.      The Proof of Claim is directed to the following Settlement Class:  All Persons who, (i) as to claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), held Heckmann Corporation (n/k/a Nuverra Environmental Solutions, Inc.) ("Heckmann") common stock as of September 15, 2008, and were entitled to vote on the merger between Heckmann and China Water & Drinks, Inc. ("China Water"), and were damaged thereby; and (ii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, purchased or otherwise acquired Heckmann common stock during the period from May 20, 2008 through May 8, 2009, inclusive, excluding shares of Heckmann common stock acquired by exchanging stock of China Water for Heckmann stock through the merger between the two companies consummated on October 30, 2008 ("Merger"), and were damaged thereby; and (iii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, purchased or otherwise acquired Heckmann warrants from May 20, 2008 through May 8, 2009, inclusive, and were damaged thereby. Excluded from the Settlement Class are Defendants, present or former executive officers of Heckmann and China Water, present or former members of Heckmann's and China Water's Board of Directors and the immediate family members (as defined in 17 C.F.R. § 229.404, Instructions) of the foregoing excluded individuals.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set forth in the Notice.

D.      If you are NOT a member of the Settlement Class described above, or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, then DO NOT submit a Proof of Claim.  You may not, directly or indirectly, participate in the Settlement if you are not a member of the Settlement Class.  Thus if you requested exclusion and are excluded from the Settlement Class, any Proof of Claim that you submit, or that may be submitted on your behalf, will not be accepted with respect to the Settlement.

E.      If you are a member of the Settlement Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM, unless a valid request for exclusion from the Settlement Class is received by June 5, 2014.  The Judgment in connection with the Settlement will release and enjoin the filing or continued prosecution of the Released Claims (as set forth in paragraph 1.22 of the Stipulation) against the Settling Defendants and certain parties related to the Settling Defendants (i.e., the "Released Persons" as set forth in paragraph 1.23 of the Stipulation).

F.      Submission of this Proof of Claim, however, does not ensure that you will share in the proceeds of the Settlement Fund created in this Litigation.  Distribution of the Net Settlement Fund will be governed by the Plan of Allocation (as set forth in the Notice), if it is approved by the Court, or by such other plan of allocation as the Court approves.

G.      Use Sections C and D of this Proof of Claim to supply all required details of your transaction(s) in Heckmann common stock and warrants.  On the schedules provided, please provide all of the information requested below with respect to all of your holdings, purchases, acquisitions and sales of Heckmann common stock and warrants, whether such transactions resulted in a profit or a loss. **Failure to report all transactions during the requested periods may result in the rejection of your claim.**

H.      **Please note**: only (i) Heckmann common stock and warrants purchased or otherwise acquired during the Settlement Class Period and (ii) Heckmann common stock held as of September 15, 2008 are eligible to potentially recover under the Settlement. However, under the "90-day look back period" (described in the Plan of Allocation set forth in the Notice), your sales of Heckmann common stock and warrants during the period from May 8, 2009 through August 5, 2009, inclusive, will be used for purposes of

Page 3 of 10

calculating your Recognized Loss for Heckmann common stock and warrants under Section 10(b) of the Exchange Act. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition information during the 90-day look back period must also be provided. Additionally, while shares of Heckmann common stock acquired by exchanging stock of China Water for Heckmann stock through the Merger are not covered by the definition of the Settlement Class and losses will not be calculated with respect to the acquisition of those shares, those shares will be used for purposes of matching sales to acquisitions and must be included in this Proof of Claim.

I.       You are required to submit genuine and sufficient documentation for all your transaction(s) in and holdings of Heckmann common stock and warrants, as requested in Sections C and D of this Proof of Claim. Documentation may consist of copies of brokerage confirmations or monthly statements. The Settling Parties and the Claims Administrator do not independently have information about your investments in Heckmann common stock and warrants. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR COULD RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator.

J.       Separate Proofs of Claim should be submitted for each such legal entity (e.g., a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity on one Proof of Claim, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Proof of Claim).

K.       All joint beneficial owners must sign this Proof of Claim. If you held, purchased or acquired Heckmann common stock and warrants in your name, you are the beneficial owner as well as the record owner of these securities. If, however, you held, purchased or acquired Heckmann common stock and warrants and these securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.

L.       Agents, executors, administrators, guardians, and trustees must complete and sign this Proof of Claim on behalf of persons represented by them, and they must:

(a)   expressly state the capacity in which they are acting;

(b)   identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Heckmann common stock and warrants; and

(c)   furnish herewith evidence of their authority to bind the person or entity on whose behalf they are acting. (Authority to complete and sign a Proof of Claim cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

M.       By submitting a signed Proof of Claim, you will be swearing that you:

(a)   own(ed) the Heckmann common stock and/or warrants you have listed in the Proof of Claim; or

(b)   are expressly authorized to act on behalf of the owner thereof.

N.       By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

O.       If you have questions concerning this Proof of Claim, or need additional copies of the Proof of Claim or Notice, you may contact the Claims Administrator, Heffler Claims Group, at the above address or by toll-free phone at 1-877-852-8870, or you may download the documents from www.HeckmannSecuritiesLitigationSettlement.com.

Page 4 of10

ON C – SCHEDULE OF TRANSACTIONS IN HECKMANN COMMON STOCK**

Failure to provide proof of all holdings, purchases, acquisitions and sales information requested below will impede proper processing of your claim and may result in the rejection of your claim. Please include proper documentation with your Proof of Claim as described in detail in Section B – General Instructions, Paragraph I above.

A.   **BEGINNING HOLDINGS**: State the total number of shares of Heckmann common stock held as of the close of trading on May 19, 2008. If none, write "0" or "Zero." (Must be documented.):

B.   **PURCHASES/ACQUISITIONS**: Separately list each and every purchase/acquisition of Heckmann common stock from the opening of trading on May 20, 2008 through August 5, 2009, inclusive (which includes the 90-day look back period).[1] (Must be documented.):

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share* *If shares were acquired from the exchange of China Water stock for Heckmann stock pursuant to the Merger write "Merger Shares" in the space below | Total Purchase/Acquisition Price (excluding taxes, commissions and fees)* *If shares were acquired from the exchange of China Water stock for Heckmann stock pursuant to the Merger write "Merger Shares" in the space below |
|---|---|---|---|
| /    / | | $     . | $     . |
| /    / | | $     . | $     . |
| /    / | | $     . | $     . |
| /    / | | $     . | $     . |
| /    / | | $     . | $     . |

C.   **SALES**: Separately list each and every sale/disposition of Heckmann common stock from the opening of trading on May 20, 2008 through August 5, 2009, inclusive (which includes the 90-day look back period). (Must be documented.):

| Date of Sale Chronologically) Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| /    / | | $     . | $     . |
| /    / | | $     . | $     . |
| /    / | | $     . | $     . |
| /    / | | $     . | $     . |
| /    / | | $     . | $     . |

D.   **ENDING HOLDINGS**: State the total number of shares of Heckmann common stock held as of the close of trading on August 5, 2009 (the last day of the 90-day look back period). If none, write "0" or "Zero." (Must be documented.)

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX**

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED.**

1    **Please note**: As set forth above, information requested with respect to your purchases and acquisitions of Heckmann common stock between March 8, 2009 and August 5, 2009, inclusive, is needed in order to balance your claim; purchases and acquisitions during this period however, will not be used for purposes of calculating your losses pursuant to the Plan of Allocation.

Page 5 of 10

[page of page]

## SECTION D – SCHEDULE OF TRANSACTIONS IN HECKMANN WARRANTS

Failure to provide proof of all holdings, purchases, acquisitions and sales information requested below will impede proper processing of your claim and may result in the rejection of your claim. Please include proper documentation with your Proof of Claim as described in detail in Section B – General Instructions, Paragraph I above.

A.   **BEGINNING HOLDINGS**: State the total number of Heckmann warrants held as of the close of trading on May 19, 2008. If none, write "0" or "Zero." (Must be documented.):
(Each warrant entitled the holder of such warrant to purchase from Heckmann one share of common stock at an exercise price of $6.00)

B.   **PURCHASES/ACQUISITIONS**: Separately list each and every purchase/acquisition of Heckmann warrants from the opening of trading on May 20, 2008 through August 5, 2009, inclusive (which includes the 90-day look back period).[2] (Must be documented.):

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Warrants Purchased/Acquired | Purchase/Acquisition Price Per Warrant | | Total Purchase/Acquisition Price (excluding taxes commissions and fees) | | Exercised or Expired |
|---|---|---|---|---|---|---|
| / / | | $ | . | $ | . | |
| / / | | $ | . | $ | . | |
| / / | | $ | . | $ | . | |
| / / | | $ | . | $ | . | |
| / / | | $ | . | $ | . | |

C.   **SALES**: Separately list each and every sale/disposition of Heckmann warrants from the opening of trading on May 20, 2008 through August 5, 2009, inclusive (which includes the 90-day look back period). (Must be documented.):

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Warrants Sold | Sale Price Per Warrant | | Total Sale Price (excluding taxes, commissions and fees) | |
|---|---|---|---|---|---|
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |

D.   **ENDING HOLDINGS**: State the total number of Heckmann warrants held as of the close of trading on August 5, 2009 (the last day of the 90-day look back period). If none, write "0" or "Zero." (Must be documented.)

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐.**

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED.**

---

2   **Please note**: As set forth above, information requested with respect to your purchases and acquisitions of Heckmann warrants between March 8, 2009 and August 5, 2009, inclusive, is needed in order to balance your claim; purchases and acquisitions during this period, however, will not be used for purposes of calculating your losses pursuant to the Plan of Allocation.

## SECTION E – RELEASE OF CLAIMS AND SIGNATURE

I (We) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation described herein and in the Notice, I (we) shall be deemed to have, and by operation of law and the Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons (as those terms are defined in the Stipulation), and shall forever be enjoined from prosecuting any Released Claims against any of the Released Persons.

## SECTION F - CERTIFICATION

By signing and submitting this Proof of Claim, the claimant(s) or the person(s) who represent the claimant(s) certifies (certify), as follows:

1. that I (we) have read the Notice, the Plan of Allocation and this Proof of Claim, including the releases provided for in the Settlement;

2. that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in Paragraph C on page 3 of this Proof of Claim, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice and in Paragraph C on page 3 of this Proof of Claim;

3. that the claimant(s) has (have) not submitted a request for exclusion from the Settlement Class;

4. that the claimant(s) owns(ed) the Heckmann common stock and/or warrants identified in this Proof of Claim and has (have) not assigned the claim against the Released Persons to another, or that, in signing and submitting this Proof of Claim, the claimant(s) has (have) the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases, acquisitions, sales, or holdings of Heckmann common stock and/or warrants and knows of no other person having done so on his/her/its/their behalf;

6. that the claimant(s) submits (submit) to the jurisdiction of the Court with respect to his/her/its/their claim and for purposes of enforcing the releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Proof of Claim as the Claims Administrator or the Court may require;

8. that the claimant(s) waives (waive) the right to trial by jury, to the extent it exists, and agrees (agree) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment that may be entered in this Litigation; and

10. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (i) the claimant(s) is (are) exempt from backup withholding; or (ii) the claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividend; or (iii) the IRS has notified the claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. If the IRS has notified the claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claimant(s) is (are) not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDE BY ME (US) ON THIS FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.


Signature of Claimant


Print Name of Claimant                    Date


Signature of Joint Claimant, if any


Print Name of Joint Claimant, if any      Date

*If claimant is other than an individual, or is not the person completing this form, the following also must be provided:*


Signature of Person Completing Form


Print Name of Person Completing Form      Date


Capacity of person signing on behalf of claimant,
if other than an individual, e.g., executor, president,
custodian, etc.


THIS PROOF OF CLAIM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, POSTAGE PREPAID, **POSTMARKED NO LATER THAN AUGUST 18, 2014**, ADDRESSED AS FOLLOWS:

*In re Heckmann Corporation Securities Litigation*
**c/o Heffler Claims Group**
**P.O. Box 60254**
**Philadelphia, PA 19102-0254**


A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by August 18, 2014 and if a postmark is indicated on the envelope and it is mailed First-Class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

### Checklist Regarding Proof of Claim

1. Please sign the release and certification on the enclosed Proof of Claim.  If this Claim is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only copies of acceptable supporting documentation.

3. Please do not highlight any portion of the Proof of Claim or any supporting documents.

4. Do not send original stock certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Proof of Claim and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Proof of Claim by mail, within 60 days.  Your claim is not deemed submitted until you receive an acknowledgment postcard.  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at 1-877-852-8870.

7. If your address changes in the future, or if the Proof of Claim was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the below address or at 1-877-852-8870, or visit www.HeckmannSecuritiesLitigationSettlement.com.

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN**
**AUGUST 18, 2014 AND MUST BE MAILED TO:**

*In re Heckmann Corporation Securities Litigation*
**c/o Heffler Claims Group**
**P.O. Box 60254**
**Philadelphia, PA 19102-0254**

[Case number]            [Form]            [page of page]

In re Heckmann Corporation Securities Litigation
c/o Heffler Claims Group
P.O. Box 60254
Philadelphia, PA 19102-0254

Exhibit A-3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

IN RE HECKMANN CORPORATION
SECURITIES LITIGATION

Case No. 1:10-cv-00378-LPS-MPT

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS
ACTION, MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES,
AND FINAL APPROVAL HEARING**

*TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED
THE COMMON STOCK OR WARRANTS OF HECKMANN CORPORATION (N/K/A
NUVERRA ENVIRONMENTAL SOLUTIONS, INC.) ("HECKMANN") DURING THE
PERIOD FROM MAY 20, 2008 THROUGH MAY 8, 2009, INCLUSIVE[1] OR WHO HELD
HECKMANN COMMON STOCK AS OF SEPTEMBER 15, 2008, AND WERE ENTITLED
TO VOTE ON THE MERGER BETWEEN HECKMANN AND CHINA WATER & DRINKS,
INC., AND WHO WERE DAMAGED THEREBY (THE "SETTLEMENT CLASS").*

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and Order of the Court, that the above-captioned action has been certified as a class

action for purposes of settlement and that a settlement for Twenty Seven Million Dollars in value

($27,000,000), consisting of $13,500,000 in cash (the "Settlement Cash"), plus at least 847,990

shares of Nuverra common stock (the "Settlement Shares" and together with the Settlement

Cash, the "Settlement Fund") has been proposed. A hearing will be held before the Honorable

Mary Pat Thynge in the United States District Court for the District of Delaware, J. Caleb Boggs

Federal Building, 844 N. King Street, Wilmington, DE 19801-3555, Courtroom 6B, at 9:30 a.m.,

on June 26, 2014 to determine whether: (1) the proposed Settlement should be approved by the

Court as fair, reasonable and adequate; (2) the deposit, distribution, and any sale of the

Settlement Shares is subject to exemption from registration under Section 3(a)(10) of the

---

[1] Shares of Heckmann common stock acquired by exchanging stock of China Water & Drinks,
Inc. ("China Water") for Heckmann stock through the merger between the two companies
consummated on October 30, 2008 are excluded from this definition.

1

Securities Act of 1933, as amended; (3) the proposed Plan of Allocation should be approved as fair and reasonable; (4) Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved; (5) Lead Plaintiff's application for reimbursement of costs and expenses (including lost wages) in connection with his representation of the Settlement Class should be approved; and (6) the claims against Defendants should be dismissed with prejudice, and the releases described in the Stipulation of Settlement dated March 4, 2014 should be granted.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.** If you have not yet received the full printed Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Litigation Expenses, and Final Approval Hearing (the "Notice") and Proof of Claim and Release form ("Proof of Claim"), you may obtain copies of these documents by visiting www.HeckmannSecuritiesLitigationSettlement.com, or by contacting the Claims Administrator at:

*In re Heckmann Corporation Securities Litigation*
**c/o Heffler Claims Group**
**P.O. Box # 60254**
**Philadelphia, PA  19102-0254**

Inquiries, other than requests for the forms of the Notice and Proof of Claim, may be made to Co-Lead Counsel:

| | |
|---|---|
| Sharan Nirmul, Esq. | P. Bradford deLeeuw, Esq. |
| Kessler Topaz | Rosenthal, Monhait & Goddess, P.A. |
| Meltzer & Check, LLP | 919 North Market Street, Suite 1401 |
| 280 King of Prussia Road | Citizens Bank Center |
| Radnor, PA  19087 | Wilmington, DE  19801 |

If you are a member of the Settlement Class, in order to be eligible to participate in the Settlement, you must submit a Proof of Claim *postmarked* no later than August 18, 2014. If you are a member of the Settlement Class and do not submit a valid Proof of Claim, you will not be eligible to share in the Settlement but you nevertheless will be bound by the Judgment entered by the Court in this litigation. As more fully described in the Notice, the deadline for submitting objections and requests for exclusion from the Settlement Class is June 5, 2014. If you wish to submit an objection or request for exclusion, please make reference to Questions 14 and 19 in the Notice.

Further information may also be obtained by directing your inquiry in writing to the Claims Administrator, Heffler Claims Group, at the address listed above.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.**

By Order of the Court