# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE HECKMANN CORPORATION SECURITIES LITIGATION | Case No. 1:10-cv-00378-LPS-MPT |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter having come before the Court for hearing on June 26, 2014 (the "Final Approval Hearing") on Co-Lead Counsel's Application for an Award of Attorneys' Fees and Litigation Expenses and Reimbursement of Costs to Lead Plaintiff (D.I. 297), and the Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the application for an award of attorneys' fees, litigation expenses and reimbursement of costs to Lead Plaintiff, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated as of March 4, 2014 (D.I. 287) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

3. Notice of Co-Lead Counsel's Application for an Award of Attorneys' Fees and Litigation Expenses and Reimbursement of Costs to Lead Plaintiff was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for an award of attorneys' fees and reimbursement of litigation expenses and reimbursement of costs to Lead Plaintiff satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995, and the requirements of due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Co-Lead Counsel are hereby awarded attorneys' fees in the amount of 33 1/3% of the Cash Settlement Amount (totaling $4,500,000) and 33 1/3% of the Settlement Shares (totaling 282,663 shares), which sum the Court finds to be fair and reasonable, and $1,007,747.74 in reimbursement of Litigation Expenses, plus interest earned on this amount at the same rate as the Settlement Fund. The foregoing fees and expenses shall be paid from the Settlement Fund in accordance with the terms of the Stipulation.

5. Lead Plaintiff Matthew H. Haberkorn is hereby awarded $58,065.00 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly relating to his representation of the Settlement Class.

6. In making this award of attorneys' fees and reimbursement of Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

    (a) The Settlement has created a fund consisting of: (i) $13.5 million in cash; and (ii) 847,990 shares of Nuverra Environmental Solutions, Inc. (f/k/a Heckmann Corporation)

common stock. Numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement that occurred because of the efforts of Co-Lead Counsel;

(b) The fee sought by Co-Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated investor that was actively involved in the prosecution and resolution of the Litigation;

(c) Copies of the Notice were mailed to over 11,500 potential Settlement Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund, reimbursement of Litigation Expenses paid or incurred by Co-Lead Counsel in connection with the prosecution and resolution of the Litigation in an amount not to exceed $1,500,000, plus interest, and reimbursement from the Settlement Fund for costs and expenses incurred by Lead Plaintiff in connection with his representation of the Settlement Class, in an amount not to exceed $60,000. There were no objections to the requested award of attorneys' fees, costs and expenses.

(d) Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Litigation involves complex factual and legal issues and was actively prosecuted for over 3 ½ years;

(f) Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from the Defendants;

(g) Co-Lead Counsel devoted over 26,800 hours, with a lodestar value of $11,174,447.75, to achieve the Settlement; and

(h) The amount of attorneys' fees awarded and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. The Court finds no reason for delay in the entry of this Order and directs the Clerk to immediately enter this Order.

June 26, 2014

_____
THE HONORABLE MARY PAT THYNGE
UNITED STATES MAGISTRATE JUDGE